LEWIS H. DAVIS, Exr. *et al.*

*v.*

LYDIA FARLIN UPSON *et al.*

*Opinion filed April 20, 1904.*

1. WILLS—*equity has no general jurisdiction to set aside probate of will for want of jurisdiction.* It is not within the general jurisdiction of a court of equity, in the absence of an enabling statute, to set aside the probate of a will upon the ground that the court of probate was lacking in jurisdiction.

2. SAME—*section 7 of the Statute of Wills construed.* Section 7 of the Statute of Wills, for contesting a will in chancery, specifically limits the issue to be determined to the question whether the instrument is the will of the decedent, and makes no provision for determining the validity of the order admitting the will to probate.

3. SAME—*correct practice where probate court is lacking in jurisdiction.* If the probate court was lacking in jurisdiction to admit a will to probate, the order admitting the will may be set aside in that court on motion, either at the same term or a subsequent term, but the order cannot be attacked by a bill to contest the will under section 7 of the Statute of Wills. (*Chicago Title and Trust Co.* v. *Brown*, 183 Ill. 42, explained.)

4. SAME—*when execution of will must be according to laws of domicile of testatrix.* The validity of a will disposing of personal property, only, in so far as such validity depends upon proper execution, is to be determined according to the law of the domicile of the testatrix, without regard to the law of the situs of the property.

5. SAME—*when verdict of jury is not merely advisory.*   Where the issue of compliance or non-compliance with the laws of a foreign State in the execution of a will is submitted to the jury, the verdict of the jury, based upon its determination whether what occurred constituted such compliance, is not merely advisory, and while the chancellor may set it aside and grant a new trial he can not vacate the verdict and enter a decree *non obstante.*

*Upson* v. *Davis*, 110 Ill. App. 375, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

D. J. & D. J. SCHUYLER, Jr., for appellants.

ALDEN, LATHAM & YOUNG, and JAMES C. ROGERS, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by the appellees in the superior court of Cook county to contest the validity of the will of Cynthia M. Cameron, deceased, and of the codicil thereto.   The bill alleged that said Cynthia M. Cameron, at the time of the execution of the alleged will and codicil, was a resident of the State of New York, and it recited the statutes of the State of New York in reference to the execution and attestation of wills, and averred that the alleged will and codicil were not executed and attested in compliance with such statutes of the State of New York.   The bill further alleged the execution of the will had been induced by fraudulent arts and devices and undue influence exercised by the appellants, and also that the said Cynthia M. Cameron was not of sound mind and memory at the time of the making of the alleged will and codicil.

The answer admitted the testatrix was a resident of the State of New York at the time of her death, and had been for a long time prior thereto; that prior to the execution of the will, to-wit, on the 2d day of March, 1893,

decedent caused to be placed in the hands of the appellant Lewis H. Davis, a resident of the city of Chicago, in the State of Illinois, a large part of her estate, consisting of notes, notes secured by mortgage, and moneys to be held and invested by said Davis for her use and benefit, and to pay the decedent as much of the income thereof as she might from time to time require; that said Davis was, by the direction of the testatrix, named as executor and trustee in the will; that the testatrix sent the will and the codicil to said Davis in Chicago, with directions to said Davis to retain possession of her property and invest and keep the same invested, and pay to the decedent the income thereof as might be from time to time requested by her; that said Davis retained possession of said will and codicil and personal property, securities, etc., and after the death of the decedent, on February 28, 1898, filed the will and codicil with the clerk of the probate court of Cook county for probate, in accordance with the provisions of the statutes of Illinois; that said will and codicil were admitted to probate on May 4, 1898; that no objections were made to the probate thereof or appeal taken from the order of court admitting the same to probate, and that letters testamentary issued to said Davis, and he subsequently qualified and thereafter filed an inventory, which was approved; that the property and estate of the decedent, at the time the will was probated and at the date of the filing of the inventory, were in the possession of said Davis; that decedent was not the owner of any real estate in the State of Illinois, but was the owner of personal property as inventoried by said Davis. The answer denied that the testatrix had been induced by any undue influence to execute the will or the codicil, or that she was lacking in mental power to execute the same, and averred that the will and the codicil had been executed and attested in the form and manner required by the statutes of the State of New York.

The case was heard before the court and a jury. The court submitted to the jury the following special interrogatories or findings to be answered by the jury:

"*First*—Was the said Cynthia M. Cameron, at the time of the execution and attestation of the writing purporting to be the last will and testament, with the codicil thereto, of said Cynthia M. Cameron, dated February 13, 1895, unduly influenced to make said writing of February 13, 1895, and if so, by whom?

"*Second*—Was the said Cynthia M. Cameron, at the time of the execution and attestation of the writing in evidence purporting to be the last will and testament, with the codicil thereto, of said Cynthia M. Cameron, on February 13, 1895, of sound mind and memory?

"*Third*—Was the document purporting to be the codicil to the last will and testament of Cynthia M. Cameron, deceased, dated February 13, 1895, executed in accordance with the laws of the State of New York?

"*Fourth*—Was the document purporting to be the last will and testament of Cynthia M. Cameron, deceased, executed in accordance with the laws of the State of New York?"

The court also submitted the form for a general verdict that the writing in evidence purporting to be the last will of the said decedent was or was not her last will and testament, according as the jury might determine. The jury returned as their general verdict that the paper writing was not the last will and testament of the decedent, and in response to the special interrogatories replied that neither the will nor the codicil was executed in accordance with the laws of the State of New York, and that the testatrix was of sound mind and memory, and that the execution of the will was not induced by undue influence. The appellant executor filed his motion to set aside the general verdict of the jury and for a decree declaring the instrument of writing to be the last will and testament of the said Cynthia M.

Cameron, notwithstanding the verdict of the jury. The chancellor granted this motion, and entered a decree accordingly, declaring the written instrument to be the valid last will and testament and codicil of said Cynthia M. Cameron, deceased, and dismissing the bill for want of equity at the cost of the contestants. The contestants prosecuted an appeal to the Appellate Court for the First District. The Appellate Court found from the pleading and the proof that said Cynthia M. Cameron was not a resident of the State of Illinois and did not own any real estate in the State, and on these facts held that the probate court of Cook county, Illinois, was wanting in jurisdiction to grant the probate of the will, and for that reason reversed the decree of the superior court and remanded the cause, with directions to the superior court to enter a decree setting aside and vacating the probate of said will and codicil by the probate court of Cook county, and all its proceedings in that regard. From this judgment of the Appellate Court this appeal has been perfected to this court.

We think the Appellate Court erred in holding that the decree should be reversed because of any supposed or actual want of power or jurisdiction in the probate court of Cook county to admit the will to probate, and also erred in directing that a decree be entered in the superior court setting aside and vacating the probate of the will and codicil in said probate court and all of the proceedings of said probate court in respect of the said will and codicil. It is correct that the decree of a court may be attacked collaterally when it appears from the face of the record jurisdiction to entertain and decide the cause was wanting. But the question whether the probate of the will was valid and effectual did not arise in the cause. The proceeding was a bill in chancery, filed under section 7 of the Statute of Wills, (3 Starr & Cur. Stat. 1896, p. 4035,) to contest the validity of the will. This section authorizes a court of equity to entertain a

bill to contest the validity of a will, and the statute provides that if such a bill is filed, "an issue at law shall be made up, whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the circuit court of the county wherein such will, testament or codicil shall have been proven and recorded as aforesaid, according to the practice of courts of chancery in similar cases." The proceeding is statutory, the object being to give the contestant of a will an opportunity to thoroughly investigate all the circumstances relating to the execution of the will, the capacity of the maker thereof to execute the instrument, and other facts affecting the validity of the will. The statute definitely and distinctly states the issue to be heard and determined in the proceeding is whether the writing produced be the will of the decedent. No issue relating to the validity of the order admitting the will to probate is provided for by the enactment.

It is not within the general jurisdiction of courts of equity (in the absence of enabling statutes) to entertain bills to set aside the probate of wills on the ground the probate court was lacking in jurisdiction. (*Luther* v. *Luther*, 122 Ill. 558; 23 Am. & Eng. Ency. of Law,—2d ed. —136-138.) If the probate court was lacking in jurisdiction of the subject matter, as found by the Appellate Court, the judgment admitting it to probate could be vacated by motion entered either at the term at which the judgment was made or at any subsequent term. If jurisdiction was lacking, the proceedings resulting in the admission of the will and codicil to probate is void, and may be set aside at any time by motion in that court. (*Wright* v. *Simpson*, 200 Ill. 56.) No contrary doctrine is announced in *Chicago Title and Trust Co.* v. *Brown*, 183 Ill. 42. That was a petition filed in the probate court to revoke the probate of a will on the ground the court had erroneously held one of the attesting witnesses to be a competent or credible witness. This alleged error did not

touch the jurisdiction of the probate court, but only the correctness of the decision rendered by the court. In that case an expression is found from which the implication might arise that in a bill in chancery filed under the statute to contest the validity of the will the probate of the will might be contested and vacated. It was there said: "Appellees might have set aside the probate by an appeal to the circuit court, as provided by statute, or by bill in chancery brought within the time provided in the statute." In the case then before the court it was sought, by motion in the probate court, to vacate the order admitting the will to probate on the ground one of the attesting witnesses to the will was not a credible or competent witness. That objection affected the validity of the will, and the expression, if confined, as it should be, to the case in hand, is correct and not inconsistent with what has been said herein. It may be in some instances the remedy provided by section 7 of the chapter on wills has been referred to in the opinions of this court as a proceeding to set aside the probate of a will, but such expressions are but inaccuracies. The effect of a decree under such a bill holding that a will is invalid, operates, practically, to set aside, or rather to render nugatory, the probate of the will, for the reason the will being invalid the probate thereof becomes inoperative. The issue in such cases is whether the will is valid, and whether the will was presented to the proper probate court for probate is not involved. The order of the court admitting the will to probate is not even competent to be produced in evidence. (*Craig* v. *Southard,* 148 Ill. 37.) No question could arise in respect of the jurisdiction of the probate court to enter an order admitting the will to probate.

The property of the decedent, at the time of her death, consisted of cash on deposit in New York and bonds of the Chicago City Railway Company, an Illinois corporation, and other choses in action, which, in law,

were simply debts due to the decedent. The railroad bonds and a portion of the notes and choses in action were in the hands of the appellant Davis in Chicago, who held them as the agent of the decedent. The decedent, at the time of her death, had her domicile in the State of New York. The rule we think to be uniform that when personal or movable property only is the subject of the bequests in a will, the validity of a will, so far as it depends on the proper execution thereof, is to be determined by the law of the domicile of the decedent, without regard to the law of the place where such personal property may be found.

The forms and solemnities necessary to a valid execution of the will and codicil of the decedent were such as were required by the law of the decedent's domicile, the State of New York. (22 Am. & Eng. Ency. of Law,— 2d ed.—1364.) The laws of that State were proven, and much testimony was produced bearing on the question whether the requirements of that law had been complied with in the matter of the attestation of the will by the decedent and the witnesses thereto. The jury considered the testimony on these points, and in answer to special interrogatories decided that neither the will nor the codicil thereto had been executed in accordance with the laws of the State of New York. The general verdict that the writing produced was not the will of the decedent was consistent with these findings, and inconsistent with the other special findings of the jury to the effect that the decedent was of sound mind and memory and under no constraint. The chancellor possessed rightful power to set aside the general verdict and grant a new trial, but was wanting in power to vacate the verdict and enter a decree based on his own conclusions as to the validity of the will. It was indispensable to the validity of the will that it should appear it had been executed and attested in compliance with the laws of the State of New York. The issue of compliance or non-compliance was

submitted to the jury for decision. Whether the will, on its face, appeared to have been attested in compliance with the formalities required by the law of the State of New York was a question of law, but what really occurred at the time of the execution and attestation of the will was a matter of fact to be determined by the jury from the testimony produced before them, and whether what in fact occurred constituted a compliance with the laws of the State of New York was a question of fact for the jury, under proper instructions from the court as to the law. (*Masonic Orphans' Home* v. *Gracy*, 190 Ill. 95.) The verdict of the jury on that issue was not advisory, merely, to the chancellor, but was obligatory on the court, in like manner as is a verdict in an action at law. (*Rutherford* v. *Morris*, 77 Ill. 397; *Long* v. *Long*, 107 id. 210; *Biggerstaff* v. *Biggerstaff*, 180 id. 407.) If the chancellor regarded the verdict as palpably against the weight of the evidence, it was his province and his duty to set the verdict aside, but he should in that event have granted a new trial. It was error to decree that the bill should be dismissed for want of equity. The bill recited the statutes of the State of New York relative to the execution and attestation of wills and codicils, and averred, with detail of fact, that the will was not signed or acknowledged by the deceased as required by the law of that State and that the witnesses did not attest or witness the will as required by such laws. The pleadings did not entitle the proponents of the will to a judgment *non obstante veredicto*, and the decree cannot be supported on the theory the court was authorized to render the same notwithstanding the verdict of the jury. *Ambler* v. *Whipple* 139 Ill. 311; 11 Ency. of Pl. & Pr. 914.

The judgment of the Appellate Court and the decree of the superior court are each reversed, and the cause is remanded to the superior court for such other and further proceedings as to law and justice shall appertain.

*Reversed and remanded.*