EVALINE V. DOWLING *et al.* Appellants, *vs.* ELLA E. M. GILLILAND *et al.* Appellees.

*Opinion filed October 24, 1916.*

1. WILLS—*when judgment of probate court admitting will to probate becomes conclusive.* The judgment of the probate court admitting a will to probate does not become conclusive and a bar to a contest of the will, under section 7 of the Statute of Wills, until the time for beginning such action has·expired.

2. SAME—*there must be an order admitting will to probate before bill to contest a will will lie.* The action to contest a will is a statutory proceeding, and there must be an order admitting the will to probate before a bill to contest the will will lie.

3. SAME—*what is the issue in a will contest case.* In a will contest case the validity of the will is raised for adjudication on its merits, and the issue is whether the writing offered as the will of the deceased is his last will and testament, and not whether the will was properly or improperly admitted to probate.

4. SAME—*grounds for contesting a will are not restricted by statute.* The grounds upon which a will may be contested, under section 7 of the Statute of Wills, are not restricted, and any ground which, if established by proof, will invalidate the will may be made the basis of a contest under said section if the bill is filed within the time limited by the statute.

5. SAME—*revocation is a proper ground for contesting a will in the circuit court.* That a writing offered as the will of a decedent has been revoked or that some part of it has been annulled or destroyed are proper grounds for contesting the will in the circuit court under the Statute of Wills.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

FREDERICK SASS, for appellants.

FREDERICK P. READ, and JONAS O. HOOVER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing for want of jurisdiction a bill filed by appellants to contest and set aside the will of Lavinus B. Willden, who died June 17, 1911, possessed of real and personal property. An instrument in writing purporting to be his last will and testament was admitted to probate by the probate court of Cook county, and within one year thereafter the bill in this case was filed to contest and set aside said will. The will was executed August 24, 1894, and the bill alleges that on the 10th of March, 1906, the testator, for the purpose and with the intention of revoking and canceling his will so that his property might descend to his heirs-at-law unless he should afterwards execute another will, wrote upon the back of said instrument or will, "This is no good; March 10, 1906; will try to make one;" that said Lavinus B. Willden again on December 11, 1907, with the like purpose and intention of revoking said will so his property might descend to his heirs according to the statutes of descent unless he subsequently made another will, wrote upon the face of said instrument or will, and along the writing appearing thereon and over and above his signature, "Not any good; Dec. 11, 1907; changed my mind." The bill alleges that by these said writings upon the will Lavinus B. Willden revoked, canceled and rendered said instrument null and void and of no effect as a will.

Evaline V. Dowling and Henrietta H. Guinness, sisters of the deceased, and Ruth E. Willden, a niece, were complainants in the bill and are appellants here. Defendants to

the bill were Ella E. M. Gilliland, a sister, Erastus M. Willden, a brother, and Louis C. E. Lateer, a half-brother of deceased. The complainants and defendants were the only heirs-at-law of deceased. Ella E. M. Gilliland, after answering the bill, by leave of court withdrew her answer and filed a plea setting up the judgment of the probate court admitting the will to probate, alleging said judgment established the will as the last will and testament of Lavinus B. Willden and that the indorsements on said will were not made with the intention of revoking the same, and that said judgment not having been appealed from, it was *res judicata* and conclusive and the circuit court had no jurisdiction to entertain the bill to set aside the will and declare the same null and void. On the hearing upon said plea the court entered a decree sustaining the plea and holding that the judgment of the probate court not having been appealed from was *res judicata* and conclusive and the circuit court had no jurisdiction to entertain the bill to set aside the will. The decree dismissed the bill for want of jurisdiction.

The only question presented by this record is whether the circuit court erred in sustaining said plea and dismissing the bill for want of jurisdiction. The effect of the indorsements or writings on the will by Lavinus B. Willden was not adjudicated in the circuit court and cannot be passed upon by this court on this appeal.

The argument of appellees to sustain the decree is that the admission of the will to probate was, in effect, a judgment of the probate court that the will had not been revoked by the indorsements written upon it, that it was the last will and testament of Lavinus B. Willden, and that the judgment not having been appealed from was a bar to a bill to contest the will upon the ground it had been revoked by said indorsements. We do not agree with this contention. The judgment of the probate court admitting the will to probate did not become conclusive and a bar to a contest of the will, under section 7 of the chapter on wills, until the

time for beginning such action had expired. Said section 7 provides that it shall be the duty of the probate court to receive and admit wills to probate without delay and grant letters testamentary thereon, but any person interested may, within one year after the probate of a will, contest the validity of the same by bill in chancery, and an issue at law shall be made up whether the writing produced be the will of the testator, which shall be tried by jury in the circuit court, "but if no such person shall appear within the time aforesaid, the probate shall be forever binding and conclusive on all of the parties concerned, saving to infants or *non compos mentis* the like period after the removal of their respective disabilities."

The action to contest a will is a statutory proceeding, and there must be an order admitting the will to probate before the bill will lie. In a will contest the question whether the will was properly or improperly admitted to probate is not the issue. The question of the validity of the will is raised for adjudication on its merits, unaffected by the action of the probate court. The issue in a suit to contest a will is whether the writing offered as the will of the deceased is his last will and testament, and not whether it was erroneously admitted to probate. (Page on Wills, sec. 323.) "The proceeding is statutory, the object being to give the contestant of a will an opportunity to thoroughly investigate all the circumstances relating to the execution of the will, the capacity of the maker thereof to execute the instrument, and other facts affecting the validity of the will. The statute definitely and distinctly states the issue to be heard and determined in the proceeding is whether the writing produced be the will of the decedent. No issue relating to the validity of the order admitting the will to probate is provided for by the enactment." *Davis* v. *Upson,* 209 Ill. 206.

The grounds upon which a will may be contested under section 7 are not restricted, and any ground which, if

established by proof, would invalidate the will may be made the basis of a contest under said section if the bill is filed within the time limited by the statute. (*Heirs of Critz* v. *Pierce*, 106 Ill. 167; *Chicago Title and Trust Co.* v. *Brown*, 183 id. 42; *O'Brien* v. *Bonfield*, 213 id. 428.) That the writing offered as the will of decedent has been revoked or that some part of it has been annulled or destroyed are proper grounds for contesting the will under the statute. *Wood* v. *Wood*, 263 Ill. 285; *Wolf* v. *Bollinger*, 62 id. 368; *Evansville Ice and Cold Storage Co.* v. *Winsor*, (Ind.) 48 N. E. Rep. 592; Page on Wills, sec. 323.

In *Smith* v. *Goodell*, 258 Ill. 145, a bill was filed to contest the will of William Smith. One of the grounds of the contest was that the will had not been attested by two credible witnesses, as required by law. The proponents of the will demurred to that part of the bill and the court sustained the demurrer. Contestants elected to stand by that part of their bill. The case was tried under other issues made by the bill and a decree entered sustaining the will. Contestants appealed to this court, and the ruling of the court in sustaining the demurrer to that part of the bill alleging the will had not been attested by two credible witnesses, as required by law, was the only question discussed in the opinion of this court. We held the circuit court erred in sustaining the demurrer to the portion of the bill referred to, reversed the decree and remanded the cause, with directions to the circuit court to overrule the demurrer. We are unable to see any distinction between the judgment of the probate court in that case and the judgment of the probate court in this case. If, notwithstanding the judgment of the probate court, the validity of a will may be contested on the ground that it was not executed in the manner required by law, it would be inconsistent to say it could not be contested on the ground that it had been revoked and annulled. By the terms of the statute itself the judgment of the probate court is not binding so as to bar a contest of a will

until one year after the will is admitted to probate, and that construction has been given it by this court in several cases, some of which are cited in this opinion.

The decree of the circuit court will be reversed and the cause remanded, with directions to that court to overrule the plea.    *Reversed and remanded, with directions.*