JOHN CALVIN DOBSCHUTZ et al. v. LOUISA DOB-SCHUTZ et al., Appellants.

Division Two, July 5, 1919.

1. **FOREIGN WILL:** Effect in This State. The will of a resident of Illinois, executed and probated there, when a copy duly authenticated is filed for record in this State, will take effect and be interpreted according to the laws of this State, exactly as if it had been originally proved here.

2. ——: ——: Partition. Children, residents of Illinois, not mentioned in their father's will, by which he attempted to devise all his property, wherever situate, to his widow, may maintain a partition proceeding in the courts of this State and assert the same rights to land in this State, belonging to testator at the time of his death, that they could have done had he left no will.

3. ——: ——: Contrary to Will and Statute. Children "not named or provided for" in their father's will, by bringing suit for the partition of lands belonging to him at the time of his

death, do not seek partition contrary to any will which affects them, and consequently Section 2569, Revised Statutes 1909, which provides that no partition of lands devised by any last will shall be made contrary to the intention of the testator as expressed in the will, has no application to them.

Appeal from Ste. Genevieve Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*John J. O'Connor* for appellants.

(1) Plaintiffs are barred from recovering under the second cause of action by Sec. 2569, R. S. 1909, which says that "no partition or sale of lands devised by any last will shall be made contrary to the intention of the testator, expressed in any such will." Stuart v. Jones, 219 Mo. 635; Sikemeier v. Galvin, 124 Mo. 367; Cubbage v. Franklin, 62 Mo. 364; Cannon v. Cannon, 175 Mo. App. 88; Stevens v. De La Vaulx, 166 Mo. 20; Stevens v. Larwill, 110 Mo. App. 151. (2) Land owned in this State by a deceased non-resident shall be disposed of according to his last will. Sec. 260, R. S. 1909. (3) Where a remedy is part of an entire and complete scheme of law as in the "law of partition," and one adopts that remedy, he must recover under that law or fail. If plaintiffs have mistaken their remedy, equity will not aid them. State ex rel. v. Allen, 45 Mo. App. 551.

*Charles Fensky* and *M. E. Rhodes* for respondents.

(1) A will devising real estate situated in the State of Missouri must be executed according to the laws of this State. Sec. 567, R. S. 1909. (2) If any person make his last will and die leaving a child or children, or descendant of such child or children, not named or provided for in said will, such testator, so far as regards such child or children or their descendant not provided for, shall be deemed to die intestate. Sec.

544, R. S. 1909; Bradley v. Bradley, 24 Mo. 311; Hargadine v. Pulte, 27 Mo. 423; Thomas v. Block, 113 Mo. 66; Breidenstein v. Bertram, 198 Mo. 328; Vantine v. Butler, 250 Mo. 451. (3) In partition the interest of children omitted from the will can be determined, and all rights and equities between all persons interested in the real estate can be determined, in such proceeding. Breidenstein v. Bertram, 198 Mo. 344. (4) Under the law plaintiffs' rights secured to them by Sec. 554, R. S. 1909, are not affected, whether a will is established or annulled, and their right to maintain this action for their share of said real estate situated in Missouri would be the same as though their father died without a will. Vantine v. Butler, 250 Mo. 451.

WHITE, C.—This action seeks the partition of a large tract of land in Ste. Genevieve County. The plaintiffs are four children and heirs, of whom there were ten in all, of Moritz J. Dobschutz, deceased; the defendant, Louisa Dobschutz, is his widow, and the other defendants his six remaining children.

Moritz Dobschutz, who owned the land at the time of his death, lived and died at Belleville, Illinois, and reared his family there. All the parties were at all times residents of the State of Illinois. The land was wild; neither Dobschutz nor any of his children ever lived on any part of it. The petition alleges the relationship of the parties, the death of Moritz Dobschutz, that the widow has a dower, and the plaintiffs and remaining defendants are tenants in common of the property, subject to said dower, each being entitled to an undivided one-tenth interest, and prays for partition in the usual form.

Defendants' answer, admitting the ownership of the land in Moritz Dobschutz at the time of his death, set out at length in defense the will of Moritz Dobschutz, which was admitted to probate in the probate court of St. Clair County, Illinois, on July 31, 1913, and a copy, duly authenticated, filed for record in the office

of the Recorder of Deeds of Ste. Genevieve County. Moritz died June 24, 1913. The will left all the property, real and personal, of the testator to his wife Louisa Dobschutz. No mention of any kind of any of testator's children was made in the will. On a trial of the case there was a judgment for plaintiffs as prayed in the petition, and the defendants appealed.

I.  The rule prevails, not only in this State, but is of universal application, that the title to land can be acquired only according to the law of the place where it is situate. Land may be devised in this State by a non-resident testator, but his will will take effect and be interpreted according to the law of this State. Section 567, Revised Statutes 1909. [Hughes v. Winkleman, 243 Mo. l. c. 92; Keith v. Keith, 97 Mo. 223, l. c. 230.] The will of Moritz Dobschutz can have the same effect and only the effect it would have if he had been a resident of this State and his will had been originally proved in this State.

*Foreign Will.*

II.  The appellants assert that the judgment here was erroneous because in conflict with Section 2569, Revised Statutes 1909, which provides that no partition of lands devised by any last will shall be made contrary to the intention of the testator as expressed in the will. It is argued that having elected to pursue the statutory remedy by proceeding in partition, the plaintiffs are bound by all the provisions of the statute relating to partition, including that section. The will gives the real estate in dispute in fee simple to the widow, Louisa Dobschutz; therefore the partition decree is in direct conflict with the very statute under which the plaintiffs are proceeding.

Section 544, Revised Statutes 1909, provides that if any person make his last will and die leaving a child or children, or descendants of such child or children in case of their death, "not named or provided for in such will," such testator shall be deemed to have died intes-

tate as regards such child or children or their descendants. Under the plain, unequivocal provision of that section the plaintiffs are not seeking partition contrary to any will *which affects them.* So far as they are concerned there is no will; he died intestate as to them. They are no more bound by the terms of the will in respect to their remedies, than they are in respect to their substantive rights.

It has been held by this court that a pretermitted heir may maintain an action for partition of land disposed of by a will in which he was not mentioned or provided for; that is, he may "assert his rights under the statute creating an intestacy as to him." [Breidenstein v. Bertram, 198 Mo. 1. c. 344; Vantine v. Butler, 250 Mo. 1. c. 451.]

Appellants rely upon two cases in support of their position where it is held that partition cannot be made contrary to the terms of the will. In the first case, Stevens v. Larwill, 110 Mo. App. 140, there were no children or other descendants parties to the proceeding, and Section 544 could have no application; and besides, the parties plaintiff, collateral relatives, were expressly mentioned in the will. In the other case, Stewart v. Jones, 219 Mo. 614, 1. c. 638, the plaintiff, who sought the partition contrary to the terms of the will, asserted rights which arose under the will. He could not maintain partition contrary to the terms of the will under which he claimed.

Section 544 would have no meaning if plaintiffs were denied their right to sue in this case.

The judgment is affirmed. *Mozley, C.,* concurs; *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion by WHITE, C., has been adopted as the opinion of the court. All of the judges concur.