(No. 17224.—Order affirmed.)
CHARLES S. LAWMAN, Appellant, *vs.* P. R. MURPHY, Admr.
*et al.* Appellees.

*Opinion filed April 23, 1926—Rehearing denied June 4, 1926.*

WILLS—*when marriage revokes will notwithstanding an ante-nuptial agreement.* Marriage by a testator subsequent to the making of his will revokes the will notwithstanding the fact that prior to the marriage and subsequent to the making of the will the testator and his intended wife entered into an ante-nuptial agreement each releasing all rights in the other's property accruing by reason of the marriage relation, where the will does not mention the contemplated marriage and no will is mentioned in the ante-nuptial agreement.

. DUNCAN, J., dissenting.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

JAMES N. LORENZ, for appellant.

JESSE BLACK, JR., and WILLIAM A. POTTS, for appellee Vitula M. Blackburn.

FRANK O. LEVERING, RALPH DEMPSEY, P. A. D'ARCY, and ROBERT H. ALLISON, guardian *ad litem,* for other appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

On October 10, 1924, George M. Blackburn, a widower about seventy-nine years of age, with full compliance with legal formalities and with all attending circumstances necessary to the execution of a valid will, made and executed the instrument in writing which in this case is sought to be probated as his last will and testament. On October 30, 1924, he and Vitula M. Clark executed an instrument in writing in and by which, after stating their contemplated marriage, each purported to waive and release to the other any and all right which might accrue by reason of the mari-

tal relation. October 31, 1924, he and Vitula M. Clark were married. February 4, 1925, he, a resident of Tazewell county, Illinois, died, possessed of real and personal property, leaving him surviving Vitula M. Blackburn, his widow, and no children or descendants of deceased children. The appellees, collateral kindred of deceased, are his heirs-at-law. The instrument in writing in question was filed for probate in the county court of Tazewell county and probate thereof refused by that court. Charles S. Lawman, appellant, who was named in the instrument as a legatee, appealed to the circuit court, where probate was again refused on the sole ground that Blackburn had re-married after the execution of the instrument. The record is before this court for review upon appeal.

The only question to be determined in this case is whether or not the marriage of Blackburn after the execution of the instrument revoked the same. It is contended by appellant that it was the intention of Blackburn and his surviving widow, expressed in the ante-nuptial agreement, that the property of each should go and be disposed of, notwithstanding statutes or other provisions of law, the same as the respective parties might have disposed thereof had they continued to remain unmarried. No contemplated marriage is mentioned in the will and no will is mentioned in the ante-nuptial agreement. In *Campbell* v. *McLain,* 318 Ill. 610, (a case in which the question of the revocation of a will by marriage was under consideration,) after an extended discussion of *Tyler* v. *Tyler,* 19 Ill. 151, *American Board of Comrs.* v. *Nelson,* 72 id. 564, *In re Tuller,* 79 id. 99, *Duryea* v. *Duryea,* 85 id. 41, *McAnnulty* v. *McAnnulty,* 120 id. 26, *Crum* v. *Sawyer,* 132 id. 443, *Sloniger* v. *Sloniger,* 161 id. 270, *Hudnall* v. *Ham,* 172 id. 76, *Kane* v. *Hudson,* 273 id. 350, *Wood* v. *Corbin,* 296 id. 129, *Gillmann* v. *Dressler,* 300 id. 175, and *Ford* v. *Greenawalt,* 292 id. 121, this court said: "As said in the cases here cited, the statute means just what it says,—*i. e.,* that mar-

riage by a testator subsequent to the making of a will revokes the will."

Deceased having re-married after the execution of the instrument in writing in question, the court properly refused its probate as the last will and testament of George M. Blackburn, deceased.               *Order affirmed.*

Mr. JUSTICE DUNCAN, dissenting.