(No. 18240.—Judgment affirmed.)
GEORGE W. PLENDERLEITH, Appellant, *vs.* EVERETT L. EDWARDS *et al.* Appellees.

*Opinion filed December 21, 1927—Rehearing denied Feb. 9, 1928.*

1. WILLS—*effect of foreign will on land in Illinois is governed by Illinois statutes.* As the transfer of title by will or descent is governed entirely by the statute of the State in which the land is situated, the validity and construction, as well as the force and effect, of all instruments affecting title to land depend upon the laws of the State where the land is situated, and a will executed or probated outside Illinois has no effect upon the title to land in Illinois except as provided by Illinois statutes.

2. SAME—*when foreign will cannot be relied on to prove title of plaintiff in ejectment.* Where a plaintiff in ejectment relies upon a deed of the executors of a foreign will conveying the property to him, the provisions of section 9 of the statute on wills must be strictly complied with by the production of a certificate that the will was executed and proved according to the laws of the foreign State and the will and the certificate must be recorded in the office of the probate or county clerk, and it is not sufficient that a copy of the will is recorded with the recorder of deeds, with a certificate that it is a true copy of the will on file in the probate court of the foreign State.

3. DEEDS—*when section 34 of Conveyances act as to deeds of foreign executors does not apply.* Section 34 of the Conveyances act, as to when deeds of foreign executors shall be evidence of title, does not apply where the provisions of section 9 of the Wills act have not been complied with so as to make the foreign will good and available to affect the title to land in Illinois, for until the due execution of the will is so established there is no evidence that it vests in the executor or executors power to make a deed conveying land in Illinois.

4. EJECTMENT—*plaintiff must prove his title—possession.* The burden is on the plaintiff in ejectment to prove his title, and while possession of land under claim of ownership is *prima facie* evidence of title in fee, yet when a title in fee in another person is shown the *prima facie* case is destroyed and the burden is on the person in possession to show the acquisition of the prior title.

5. SAME—*deed obtained after institution of suit is not competent.* A deed obtained by a plaintiff in ejectment correcting a defect in his title after the institution of his suit is not admissible in evidence, as evidence that he acquired title and right of possession after that date is not competent.

APPEAL from the Circuit Court of DuPage county; the Hon. WILLIAM J. FULTON, Judge, presiding.

MALCOLM MECARTNEY, for appellant.

BUNGE, GROTEFELD & BUNGE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

George W. Plenderleith brought an action of ejectment in the circuit court of DuPage county against Everett L. Edwards and others, and upon a trial before the court without a jury a judgment was rendered in favor of the defendants, from which the plaintiff appealed.

The appellant claimed title in fee simple by a chain of title from the United States, and it was stipulated that Floyd Cranska acquired the title on January 12, 1906, and died in February, 1920, leaving a will, which was admitted to probate in that month in the probate court of the district of Plainfield, county of Windham and State of Connecticut, and a copy of his will was recorded in the office of the recorder of deeds of DuPage county on March 4, 1925; that on December 17, 1924, the executors of the will, under and by virtue of its provisions and authority, executed a quitclaim deed of the premises to the appellant. It was expressly stipulated, however, that the validity of the deed and the authority of the executors to execute it were not admitted by the appellees. The plaintiff introduced in ·evi-

dence a certified copy of the will of Floyd Cranska; the deed to himself of Annie L. Hill and Lucius B. Cranska, executors, in consideration of $500; the certificate of the judge of the probate court of the district of Plainfield, dated June 14, 1926, that Annie L. Hill and Lucius B. Cranska were by the court on February 14, 1920, approved as the executors of the last will and testament of Floyd Cranska, deceased, and having accepted said appointment and executed bond according to law, said appointment being unrevoked and in full force, are and were on the 17th day of December, 1924, legally authorized and qualified to administer on said estate, and their acts from the date of their approval to this date are entitled to full credit as such executors. The certified copy of the will was received over the objection of the defendants that the will was incompetent and that the certificate was not in accordance with the statutes of the State of Connecticut and the State of Illinois; and the deed from the executors to the appellant and the certificate of the judge of the probate court were also objected to, but the objections were overruled and the evidence was admitted.

The burden was on the plaintiff in ejectment to prove his title. The transfer of title by will or descent is governed entirely by the statute of the State in which the land is situated. A will executed or probated outside of this State has no effect upon the title to land in this State except as provided by the statute of this State. The validity and construction, as well as the force and effect, of all instruments affecting the title to land depend upon the laws of the State where the land is situated. (*Amrine* v. *Hamer,* 240 Ill. 572; *Peet* v. *Peet,* 229 id. 341; *Harrison* v. *Weatherby,* 180 id. 418.) Under section 9 of our statute on wills a will executed and proved according to the laws of a foreign State, when properly recorded in Illinois, is good and available in law in like manner as wills made and executed in this State, and it is not necessary that it be probated in

328—28

this State, but before a devisee of land situated in this State can have the benefit of this section it is necessary that all the requirements of the section be complied with. These requirements are, that the will shall be proved and executed according to the laws of the foreign State, that the will or copy must be accompanied by the certificate of its due execution and proof agreeably to the laws and usages of the State in which the certificate is executed, and that the will and certificate must be recorded in the office of the clerk of the probate court. (*Barnett* v. *Barnett,* 284 Ill. 580.) The certificate to the copy of the will which was filed with the recorder of deeds showed only that the document was a true copy of the will of Floyd Cranska and was on file in the probate court of Plainfield. There was no certificate that it was executed and proved agreeably to the laws and usages of the State of Connecticut. The only effect of the recording of a duly authenticated copy of a will in the office of the recorder of deeds was to give constructive notice to all persons of the contents of the will, as provided by section 33 of chapter 30 of the Revised Statutes. It was still essential to record it in the county clerk's office to give the will the effect of passing the title to the executors or giving them power to convey. *Barnett* v. *Barnett, supra.*

The appellant contends that under section 34 of chapter 30 the deed of the executors was effective to transfer the title. That section provides that where, in pursuance of power vested by will executed and proved out of this State, deeds conveying lands in this State have been executed by executors or administrators with the will annexed, duly appointed and qualified in any State of the United States, such deeds shall be evidence of title in the grantee to the same extent as title was vested in the testator at the time of his death, whether such will has been proved in this State or not, unless at the time of executing any such deed, letters testamentary or of administration shall have been granted upon the estate of the deceased in this State

and remain unrevoked. This section does not apply to the present case, because until the will itself is properly shown to be good and available to affect the title to land in this State there is no evidence that it vested in the executors power to make the deed conveying land in this State.

Counsel for the appellant state that section 9 of the statute on wills has no application to this case because it applies only where a foreign will itself is relied upon as evidence of title to lands in this State; but it is manifest that the appellant can show no title to the land without proof of the will of Floyd Cranska.

Appellant also contends that the stipulation admits Floyd Cranska's title, his death and the proper probate of his will in the probate court of Plainfield, the recording of a copy of the will in the office of the recorder of deeds of DuPage county, and the execution of the deed to the appellant by the executors. The only· objections reserved by the appellees in the stipulation were that the executors had no authority under the will to execute the deed, and that the deed is invalid. The stipulation is binding on both parties as to the facts. The effect of those facts is a question of law for the determination of the court, and, as we have seen, the facts stipulated did not comply with the requirements of the statute to make the will good and available in law to affect the title to lands in this State.

The appellant further contends that he proved a *prima facie* title in fee, independent of the conveyance by the executors of Floyd Cranska, by showing prior possession independent of his record chain of title. Possession of land under claim of ownership is *prima facie* evidence of title in fee, but when a title in fee in another person is shown, the *prima facie* case is destroyed and the burden is on the person in possession to show the acquisition of the prior title.

The appellant offered in evidence deeds from the heirs of Floyd Cranska to the appellant dated June 12, 1926,

which were admitted over the appellees' objection. The action was begun on May 27, 1925. The evidence that the appellant acquired title and right of possession after that date is not competent.

The appellant having failed to show title in himself was not entitled to recover, and the judgment of the circuit court was right.      *Judgment affirmed.*