### The People of the State of Illinois, for use, etc., Appellant, v. Frederick Jobusch et al., Appellees.

ADMINISTRATION OF ESTATES—*when County Court without jurisdiction.* Held, that the County Court has no power to appoint a testamentary trustee.

Bill in equity. Appeal from the Circuit Court of Monroe county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

JOSEPH W. RICKERT, for appellants.

ROY E. GAUEN, for appellees; B. R. BURROUGHS, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit in equity brought for the purpose of determining the liability of appellee, Frederick Jobusch, and his sureties upon two bonds, one given by him as executor of the last will and testament of William Rahe, deceased, and the other as testamentary trustee of the legatees of said William Rahe, deceased. The original bill was filed by two of said sureties against Frederick Jobusch, Anna Rahe, who had succeeded him as testamentary trustee, and the other sureties on the two bonds. By an amended bill said Anna Rahe, trustee, is omitted from the list of defendants and "The People of the State of Illinois who sue for the use of Anna Rahe, testamentary trustee," named as an additional complainant. By a second amended bill, the People of the State of Illinois, who sue for the use of Anna Rahe testamentary trustee, were made only complainants and all of the sureties on said bonds made defendants, with Frederick Jobusch.

The bill as amended alleged that by an order of the Probate Court of Monroe county, the said Anna Rahe was on February 15, 1910, duly appointed and is now acting testamentary trustee for the "minors and legatees" of William Rahe, deceased; that on February 17, 1906, one Frederick Jobusch was appointed by said court, executor of the last will and testament of said William Rahe, deceased, and entered into a bond which was approved by the court with Jacob J. Koenigsmark, Henry Jobusch, Joseph H. Gauen and D. Wischmeier as sureties, for the sum of $16,000, which bond contained the usual provisions required by law; that thereafter on May 5, 1908, said executor made a pretended final report, showing a balance due said estate of $8,280.54 out of which the court directed that $1,200 be paid to said Anna Rahe and ordered the remainder of $7,080.54 to be paid to Frederick Jobusch as testamentary trustee for Louis, Herman,

George, Edward and Otto Rahe and that said testamentary trustee enter into a bond in the sum of $15,000 to be approved by the court; that on July 16, 1908, the said executor exhibited to said court, a pretended receipt from himself as testamentary trustee of the legatees of said William Rahe, deceased, to himself as executor of said estate for the balance above mentioned, and that thereupon the court entered an order discharging him as such executor; that as a matter of fact said executor did not have said sum of $7,080.54 or any part thereof at the time of making said pretended final report nor did the same come into his hands after that date; that said pretended settlement and receipt constituted a fraud upon the court; that said Frederick Jobusch was then wholly insolvent, has so continued from that time and has been adjudged a bankrupt in voluntary bankruptcy proceedings; that on July 9, 1908, said Probate Court of Monroe county appointed said Frederick Jobusch testamentary trustee of the legatees of said William Rahe, deceased, and approved a bond executed by him as such trustee, with Louis Rahe, Jacob J. Koenigsmark and George A. Goeddel as sureties in the sum of $15,000 for the faithful performance of his duties; that on February 10, 1910, said trustee filed his report, showing a balance due said legatees of $7,565.46 and was then removed from his said office by the order of said court; that said Frederick Jobusch misappropriated and squandered the funds which came to his hands while acting as executor of the last will and testament of said William Rahe and did not deliver to himself as testamentary trustee the said amount receipted for by him as such trustee; that neither said Frederick Jobusch nor his bondsmen have paid to said Anna Rahe as such testamentary trustee, the sum due to said legatees, nor any part thereof.

The bill asked that the final receipt and order of the Probate Court, discharging Frederick Jobusch as ex-

ecutor as aforesaid, be set aside and vacated, that an accounting be had of the moneys which came to his hands and that he and his sureties on his bond as executor be charged with such amount as was received by him as such executor and afterwards squandered and misappropriated; that if any amount came into his hands as testamentary trustee aforesaid, that said amount be charged against him and his sureties as such trustee; that payment of the amount due be made by the parties found liable therefor to said Anna Rahe as testamentary trustee aforesaid.

A general and special demurrer was interposed to the bill by the defendants Henry Jobusch, Joseph H. Gauen and D. Wischmeier, which was sustained by the court, and complainants having elected to abide by their bill, it was ordered by the court that the same be dismissed for want of equity. An appeal has been taken to this court by the complainants.

By the demurrer the question was raised of the right to maintain the suit in the name of the People for the use of Anna Rahe as testamentary trustee of said legatees and this raises the question of the authority of the County Court, or Probate Court as it is called in the bill, to appoint her such testamentary trustee, which was undoubtedly done by that court under the act of 1909 entitled ''An act to extend the jurisdiction of probate courts and county courts having probate jurisdiction so as to include the complete administration of testate estates'' (Laws of 1909, page 175).

Two opinions have been recently filed by the Supreme Court of this state which appear to us to fully settle this question.

In a case entitled *In re* estate of Mortenson, 248 Ill. 520, it was held, that the terms of section 20 article 6 of the Constitution which provides for the jurisdiction to be given probate courts, did not include the supervision and control of testamentary trusts and that the order of the Probate Court of Cook county, appointing

a testamentary trustee under the Act of 1909, could not be sustained.

In Frackelton v. Masters, 249 Ill. 30, the question was raised as to whether the Act of 1909 above referred to, conferred exclusive jurisdiction on the county and probate courts of the state to administer testamentary trusts. It was there held that the legislature had the power to extend jurisdiction of county courts to any matter either of law or equity and that had the act of 1909 in question been limited to county courts, no constitutional objection to the same would exist; but it was further held that the part of the act which conferred jurisdiction in regard to testamentary trusts upon the Probate Court and which was held to be invalid, was so essentially connected with the balance of the act that the whole act must be declared void.

The County Court of Monroe county was therefore without authority to appoint Anna Rahe testamentary trustee of the legatees of William Rahe and a bill brought in the name of the people of the State of Illinois for her use as such trustee, cannot be maintained. The court below properly sustained the demurrer to the bill and the decree dismissing the bill for want of equity will be affirmed.

*Decree affirmed.*