(No. 35865.—

IN RE ESTATE OF LAURA BAUGHMAN.—(THE PREACHERS' AID SOCIETY OF THE ILLINOIS CONFERENCE OF THE METHODIST CHURCH, Appellant, *vs.* CARRIE WILLIAMS, EXRX., Appellee.)

*Opinion filed December 1, 1960.*

Hershey, J., took no part.

Denz, Lowe, Limerick & Moore, of Decatur, (George F. Limerick, and Daniel M. Moore, Jr., of counsel,) for appellant.

Hershey & Bliss, of Taylorvile, (Richard G. Hershey, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The Preachers' Aid Society of the Illinois Conference of the Methodist Church, hereafter called the Aid Society, appeals directly to this court from an order of the county court of Christian County which (a) struck the motion of the Aid Society to set aside an order admitting to probate a will of Laura Baughman, deceased, dated April 22, 1959, (b) dismissed the petition of the Aid Society to admit to probate as the last will of Laura Baughman, deceased, the joint will of Samuel S. Baughman and Laura Baughman, husband and wife, and (c) denied the petition of the Aid Society for issuance of a *dedimus* for taking the deposition of a witness to the joint will.

This appeal is directly from the county court pursuant to the provisions of section 329 of the Probate Act, as amended in 1959. (Ill. Rev. Stat. 1959, chap. 3, par. 483.) The appeal is taken to this court directly because Laura Baughman, deceased, owned real estate at the time of her death which was devised by both of the wills in question, and thus a freehold is involved.

On January 4, 1951, Samuel S. Baughman and Laura Baughman, his wife, executed a joint will in which each left their entire estate to the other and provided that the estate of the last survivor of them was to be distributed as follows: (a) $22,000 in trust for their granddaughter and certain nieces, (b) their home to the Board of Trustees of the First Methodist Church of Taylorville, and (c) the residue to the Aid Society.

Samuel S. Baughman died on August 29, 1953, and on the petition of Laura Baughman the joint will was admitted to probate on October 14, 1953, as the last will of Samuel S. Baughman, deceased, in the county court of Christian County. Laura Baughman received the entire estate of Samuel S. Baughman in accordance with the terms of the joint will and the executor of the estate of

Samuel S. Baughman, deceased, was discharged on January 13, 1956.

On April 22, 1959, Laura Baughman executed a will which revoked all prior wills by her made, gave her entire estate to the granddaughter, Laura Frances Adkinson in fee simple, and appointed Carrie L. Williams as executor without surety on her bond.

On May 2, 1959, Laura Baughman died. On May 4, 1959, there was filed in the county court of Christian County, and duly noted on the docket, a last will of Laura Baughman dated January 14, 1953, a codicil thereto dated December 18, 1953, and the last will dated April 22, 1959, together with a notation to see the joint will with Samuel S. Baughman, deceased, proved and admitted to probate on October 14, 1953.

On May 6, 1959, Carrie Williams filed her petition in the county court of Christian County to admit to probate the last will of Laura Baughman, deceased, dated April 22, 1959, and for issuance of letters testamentary to her, and on May 11, 1959, it was so admitted to probate and letters issued. Inventory listing real estate and personal property was duly filed on May 29, 1959.

On June 9, 1959, the Aid Society filed its petition to admit to probate as the last will of Laura Baughman, deceased, the joint will of January 4, 1951, and also filed its motion to set aside the prior order admitting to probate the will of April 22, 1959, and to revoke the letters testamentary issued thereunder.

A similar motion was filed by the First Methodist Church of Taylorville on the same date. On November 25, 1959, an amendment to such motion to set aside probate was filed, together with a petition for issuance of *dedimus* to take depositions of witnesses of the joint will. On December 1, 1959, objections were filed to suing out of the *dedimus* for taking depositions of witnesses to the will.

On January 6, 1960, the appellee, Carrie Williams,

as executrix filed her motion to strike the motion of the Aid Society to set aside the order admitting the will of April 22, 1959, to probate and to dismiss the petition of the Aid Society to probate the joint will of January 4, 1951, as the will of Laura Baughman. A similar motion was filed directed to the motion of the First Methodist Church. After hearing on the appellee's motion, the order appealed from was entered.

The theory of the Aid Society in this appeal is that when Laura Baughman received the entire estate of her deceased husband by virtue of their joint will dated January 4, 1951, she became bound by the terms of that joint will and it became irrevocable, and consequently that it is entitled to be admitted to probate as the last will of Laura Baughman, rather than the instrument which she executed after her husband's death.

Appellee's theory is that any will, including a joint will, is revocable, that the will of April 22, 1959, revoked the joint will, that the county court had no jurisdiction other than to admit to probate as the will of Laura Baughman the document dated April 22, 1959, after the court determined that it was the last will of Laura Baughman properly signed and attested, and that the jurisdiction of the county court sitting in probate does not extend to determining the validity or construction of a prior, revoked joint will as a contract not to revoke between Laura Baughman and Samuel Baughman.

The basic underlying issue in this case is the nature and extent of the so-called irrevocability of a joint or joint and mutual last will and testament. This problem has received consideration in the case of *In re Estate of Brück*, 24 Ill. App. 2d 77. In that case a husband and wife had executed a joint last will and testament. Upon the death of the husband the will was filed in probate court and thereafter the surviving spouse executed another will and died. Subsequent to the death of the surviving widow, petitions

were filed in the probate court of Will County for the admission to probate of each. On a hearing on both petitions the probate court admitted to probate the joint will and denied probate to the later will. Upon appeal to the circuit court, the circuit court held that the later instrument revoked the prior joint will, that the later will should be admitted to probate, and remanded the cause to the probate court with instructions to enter such an order. The joint will had never been offered for probate as the will of the husband who had died first, because all of the property of the husband and wife was held in joint tenancy. The Appellate Court affirmed the order of the circuit court holding that the later will revoked the prior joint will and that the later will should be admitted to probate.

In so holding, the Appellate Court in its opinion made a thorough analysis of prior Illinois decisions on the subject, including *Frazier* v. *Patterson,* 243 Ill. 80; *Curry* v. *Cotton,* 356 Ill. 538; *Jacoby* v. *Jacoby,* 342 Ill. App. 277; *In re Estate of Edwards,* 3 Ill. 2d 116; *Bonczkowski* v. *Kucharski,* 13 Ill.2d 443; *Frese* v. *Meyer,* 392 Ill. 59; *Peoria Humane Society* v. *McMurtrie,* 229 Ill. 519; and *Jordan* v. *McGrew,* 400 Ill. 275. The opinion further considered cases from other jurisdictions, including *Dufour* v. *Pereira,* 1 *Dickens* 419, the leading English case on which the Illinois decision in *Frazier* v. *Patterson* was based, and also *Rastetter* v. *Hoenninger,* 214 N.Y. 66, 108 N.E. 210; *Menke* v. *Duwe,* 117 Kan. 207, 230 Pac. 1065; and *In re Rolls' Estate,* 193 Cal. 594, 226 Pac. 608. After also considering the statements on the subject found in 57 Am. Jur., Wills, sec. 690, the Appellate Court concluded as follows, at page 99:

"It has been stated that to make an irrevocable will would be the creation of an instrument unknown to the law. Under the authorities herein referred to and cited, the will of Mrs. Briick executed after her husband's death, effectively revoked her previous joint will and the judg-

ment of the Circuit Court directing that her will dated December 16, 1956, be admitted to probate should be affirmed. Whether she agreed and contracted with her husband not to change the disposition of the property made by the provisions of the joint will of March 16, 1955, could not be litigated in the probate court of Will County." We concur with the analysis of cases, reasoning and logic, and the conclusion reached in the quotation from the opinion as above set forth, as is indicated by our prior order denying the petition for leave to appeal to this court in said case.

In the *Brück case* the circuit court on appeal proceeded to consider whether or not the joint will of the husband and wife constituted a contract not to revoke the same, concluded that it did not constitute a contract, and the Appellate Court affirmed such holding. Such appeal to the circuit court in the *Brück case* was taken pursuant to section 330 of the Probate Act as it then existed (Ill. Rev. Stat. 1957, chap. 3, par. 484) and section 71 of the Probate Act as it then existed (Ill. Rev. Stat. 1957, chap. 3, par. 223). Under those two sections, an appeal was taken directly to the circuit court from an order of the probate or county court admitting or denying admission of an alleged will to probate (sec. 330,) and at the hearing in the circuit court of such an appeal the proponent had the right to introduce, in addition to a transcript of the testimony of the witnesses to the will taken at the hearing in the probate court, any other evidence competent to establish a will in chancery, and the contestant had the right to introduce any other competent evidence of fraud, forgery, compulsion, or other improper conduct (sec. 71.) At the time of the entry of the probate court orders here appealed from, section 71 had been repealed and section 329 had been amended by an act approved July 22, 1959, (Ill. Rev. Stat. 1959, chap. 3, pars. 223 and 483,) so that an appeal from any final order, judgment or decree of a probate court, entered on

or after the effective date of the amendment, admitting or refusing to admit a domestic or foreign will to probate may be taken by any person who considers himself aggrieved to the Appellate or Supreme Court of this State in the same manner as in other civil cases. The effective date of such amendment was September 1, 1959. (Laws of 1959, p. 1849.) Consequently, the appeal in this case, as hereinabove indicated, is properly taken to this court and the circuit court no longer has jurisdiction to entertain an appeal from an order admitting or denying admission of a will to probate. Without passing on the question as to the extent a circuit court had jurisdiction on appeal from a probate court under the statutes as they formerly existed to determine the question of whether a joint will constituted an enforcible contract not to revoke between the joint testators, we are here presented with the further direct question of whether or not a probate or county court has jurisdiction to entertain such question.

In the statute creating county courts (Ill. Rev. Stat. 1959, chap. 37, par. 175) county courts are vested with jurisdiction in all matters of probate and such other jurisdiction as may be provided by law, and under the statute creating probate courts (Ill. Rev. Stat. 1959, chap. 37, par. 303) probate courts created under such act are given original jurisdiction in all matters of probate. Under the statute relating to county courts it has been held that the county court has exclusive jurisdiction in admitting a will to probate (*Wild* v. *Sweeney,* 84 Ill. 213,) and that the county court in matters of probate and administration has a qualified equity jurisdiction to enforce its orders. (*Spencer* v. *Boardman,* 118 Ill. 553). However, it has been further held that a county court does not have the power, authority or jurisdiction to administer testamentary trusts (*In re Estate of Mortenson,* 248 Ill. 520) nor to appoint testamentary trustees. *People* v. *Jobusch,* 165 Ill. App. 540.

Under the Probate Court Act, although courts of pro-

bate exercise equitable jurisdiction so far as may be necessary to adjust and settle estates (*In re Estate of Corrington,* 124 Ill. 363) and may adopt forms of equitable proceedings (*Sebree* v. *Sebree,* 293 Ill. 228,) yet the original jurisdiction given by the constitution to probate courts of all probate matters cannot be extended, even by the legislature, to other and different matters than those specified. (*First State Bank of Steger* v. *Chicago Title and Trust Co.* 302 Ill. 77). Numerous cases have held that probate courts do not have general chancery jurisdiction, although in probate matters they have jurisdiction of an equitable character and may adopt the forms of equitable proceedings and grant relief of an equitable nature where justice and equity require such relief. *Bliss* v. *Seaman,* 165 Ill. 422; *Chicago Title and Trust Co.* v. *McGlew,* 193 Ill. 457; and *Thomson* v. *Black,* 200 Ill. 465.

We conclude that a county court sitting in probate, or a probate court, in passing on a petition for probate, has no jurisdiction to determine the validity or construction of a prior revoked joint will as a contract not to revoke, but under section 69 of the Probate Act (Ill. Rev. Stat. 1959, chap. 3, par. 221) the jurisdiction to be exercised and the issue to be decided is as to which of the proffered instruments is the last will of the testator executed in compliance with the statutory requirements, free of fraud, forgery, compulsion or other improper conduct.

This conclusion is supported by the fact that most of the decisions heretofore referred to have been suits in equity in a circuit court. In *Frazier* v. *Patterson,* 243 Ill. 80, the plaintiff sought to set aside a will and to establish the provisions of a joint will in a partition suit. In *Curry* v. *Cotton,* 356 Ill. 538, a suit was filed in the circuit court, in equity, seeking to enforce a joint will against the executor of a will executed after the joint will. In *Jacoby* v. *Jacoby,* 342 Ill. App. 277, the question was raised by way of a suit in equity for an accounting, declaration of trust

and injunction to prevent revocation of a joint will. In *Bonczkowski* v. *Kucharski,* 13 Ill.2d 443, the question as to the revocability of a joint will was raised in a circuit court proceeding in equity to remove clouds upon title to real estate. In the case of *In re Estate of Edwards,* 3 Ill.2d 116, the question was raised in the county court, but the present question of jurisdiction apparently was not raised or passed upon either in the trial court or in this court. The conclusion here reached by us in this respect seems to be the accepted interpretation of the prior decisions.

The difficulty which has given rise to the present litigation arises from the description in prior cases of joint or joint and mutual wills executed pursuant to a valid contract not to revoke, as being "irrevocable." Such terminology, although generally descriptive of the net result achieved, is not an accurate statement of the nature of the will made pursuant to such contract. By virtue of the various statutory provisions concerning the execution of wills and the revocation thereof, and the decisions hereinabove discussed, any will, whether it is a joint or joint and mutual will executed pursuant to an agreement not to revoke, is revocable at any time prior to death in any of the manners prescribed by statute. The jurisdiction of a county court sitting in probate, or of a probate court, extends only to the determination of which one, if any, of the proffered instruments is the last will of the decedent executed according to the statutory requirements, free of fraud, forgery, compulsion and improper conduct. Whether or not a joint or joint and mutual will was made pursuant to a contract not to revoke, or is a contract not to revoke, and whether or not such contract has been breached, is not a question within the jurisdiction of a county court sitting in probate or of a probate court, but is a question solely within the jurisdiction of the circuit court in an action on the contract or a suit in chancery.

In the instant case, the record shows that the joint will

was revoked by the will of April 22, 1959, which was later in time and specifically revoked all former wills. The probate court had previously determined that it was executed in compliance with the statutory requirements, free of fraud, forgery, compulsion or other improper conduct. The motion of the Aid Society to set aside the probate of the later will and to admit to probate the joint and mutual will on the theory of its being irrevocable is, in substance, a proceeding to have the prior joint and mutual will adjudicated as a valid contract on the part of the testators not to subsequently revoke the same. From what has previously been said, such an adjudication was not within the jurisdiction of the court and the order of the county court of Christian County appealed from was properly entered.

From what has been said here, we do not intend to pass upon the question of whether or not the joint will of Samuel S. Baughman and Laura Baughman was a valid, enforcible agreement and contract not to revoke. The Aid Society has available to it a court of equity or a court of law for its proper remedy for breach of contract, if there has been such breach.

Accordingly, the order of the county court of Christian County is affirmed.

*Order affirmed.*

Mr. Justice Hershey took no part in the consideration or decision of this case.