(No. 45203.—

*In re* ESTATE OF DOMINIC MARCUCCI.—(Daniel Marcucci, Appellee, v. Emil Marcucci, Appellant.)

*Opinion filed May 21, 1973.*

EUGENE J. RUDNIK and STANLEY WERDELL, both of Chicago, for appellant.

LOUIS W. REINECKER and HARRY J. MYERSON, both of Chicago (JOHN J. O'TOOLE and ALAN E. SOHN, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

We granted leave to appeal from a judgment of the Appellate Court, First District. (*In re Estate of Marcucci (1971), 5 Ill. App. 3d 484.*) The prime issue presented is the scope of proceedings brought under section 69 of the Probate Act to admit a will to probate. (Ill. Rev. Stat. 1967, ch. 3, par. 69.) That section provides:

> "When each of 2 attesting witnesses to a will testifies before the court (a) that he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or that the testator acknowledged it to the witness as his act, (b) that the will was attested· by the witness in the presence of the testator, and (c) that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the, court is deemed sufficient to invalidate or destroy the will. The proponent may also introduce any other evidence competent to establish a will in chancery. If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will."

The facts herein are not in dispute. On May 12, 1950, Dominic Marcucci and his wife, Maria, executed "joint and several last wills" by which the survivor was to take all property owned by the other "to have and to hold unto his or her heirs *** forever." The third paragraph of the instrument provided that "In the event that both of us should perish in a common disaster, or in the event that our deaths shall be contemporaneous then in that event, it is our joint and mutual will that all of our property which we may own, or to which we are entitled at the date of our deaths, shall be given to our four sons, Donato [Daniel]

Marcucci, John Marcucci, Matthew Marcucci and Emil Marcucci in equal shares." Maria Marcucci died in 1952 and this instrument was admitted to probate as her will, Dominic taking all her property under the provisions of said will.

Thereafter, in 1957, Dominic executed a second instrument which expressly revoked all prior wills and wherein he bequeathed his entire estate in equal parts to his four sons. In 1958, he executed a third will, likewise expressly revoking all prior wills, but which left substantially all of his estate to his son, Emil, after making small monetary bequests to his other sons.

Dominic died in 1967, his heirs being Daniel, Matthew, Emil, and two children of John, who had predeceased him. A petition was filed to admit the 1957 instrument to probate. Daniel, appellee herein, then asked that the 1950 instrument be probated. Emil, the appellant, cross-petitioned to have the 1958 will probated. A hearing was held, with all parties present, before a magistrate (now an associate judge) of the circuit court of Cook County. No objection was made to the court's reference to the proceeding as a "contest." The court eventually ordered that the 1958 will be admitted to probate and that letters testamentary be issued to Emil as the named executor.

On appeal the appellate court reversed, one justice dissenting, holding that the 1950 instrument was a valid joint and mutual will and that the circuit court had the power to decide that issue at the hearing.

Appellant now contends that the scope of inquiry in a section 69 proceeding is strictly limited to whether a will was executed in compliance with the statute and which of two or more wills was executed last in point of time.

The scope of this section has been examined in a number of cases. *In re Estate of Baughman (1960), 20 Ill.2d 593,* also involved an attempt to prove the validity of a prior revoked joint and mutual will in a section 69

hearing to admit a will to probate. The probate court refused to consider the issue and we affirmed, holding that the issue in such a proceeding is limited to "which of the proffered instruments is the last will of the testator executed in compliance with the statutory requirements." (20 Ill.2d at 601.) We further held that a probate court had no jurisdiction to decide the existence of a contract not to revoke a joint and mutual will, noting that this issue might be brought only "in an action on the contract or in a suit in chancery." This view was reiterated in *In re Will of Lortz (1961), 23 Ill.2d 344.*

Appellee argues that these decisions are inapplicable since the adoption of the Judicial Article (Ill. Const. (1870), as amended, art. VI, sec. 8, effective January 1, 1964), which consolidated all the special courts then in existence into a circuit court of general jurisdiction. This argument was rejected in *Ruffing v. Glissendorf (1968), 41 Ill.2d 412,* in which an attempt was made in a section 69 proceeding to invalidate a will based upon the incompetency of the testator. We therein held that "the proof necessary to entitle a will to probate is confined to the essential elements fixed by the statute (section 69 and its predecessors) and is for the purpose of establishing whether a *prima facie* case of validity has been made. *** [N]o contradictory evidence is admissible ***." (41 Ill.2d at 420.) We said that the abolition of probate courts and the creation of circuit courts of unlimited jurisdiction did not alter the character of evidence statutorily permitted in a section 69 proceeding.

There has been some divergence of opinion on this issue among the various appellate districts. *In re Estate of Weaver (1966), 71 Ill. App. 2d 232,* which was decided in the First District prior to the *Ruffing* case, held that a prior joint will can be proved in a section 69 hearing. The Fifth District ruled that the issue of whether a prior will was executed in derogation of a contract not to revoke is

not within the realm of inquiry under said section but may be raised in a subsequent appropriate proceeding. *In re Estate of Lockwood (1970), 124 Ill. App. 2d 439.*

The appellate court in the present case relies heavily on the fact that no objection was made to the cause being referred to as a "contest" and being heard by a magistrate. We do not agree that there was a waiver in this case. The proceeding was clearly not a contest of the validity of the will, which is specifically permitted by section 90 of the Probate Act (Ill. Rev. Stat. 1967, ch. 3, par. 90), but is an action to admit a will to probate and is subject to the limitations of section 69. Appellant, objecting to testimony as to an underlying contract not to revoke the 1950 will, argued during post-hearing motions that such determination was not within the purview of a section 69 proceeding, and has maintained this position on appeal.

As was noted in the dissenting appellate court opinion, the validity of a joint and mutual will is not within the permissible scope of inquiry as delineated by the statute (section 69). The purpose of this section is to expeditiously admit a will to probate and appoint an executor to marshal and protect the assets of the estate. The usual issue presented at such proceedings is a determination of which is the last, valid, unrevoked will of the testator. Any attempt to prove the existence of a contract not to revoke at such proceedings is irrelevant since it is tantamount to an attempt to prove a contractual claim against the estate before the appointment of an indispensable party, the executor.

We hold that the issue of the validity of the joint and mutual will executed in 1950 may not be properly presented in this instance and that the trial court did not err in admitting the 1958 will to probate. This determination being dispositive of the appeal we need not consider the other issues raised by the appellant.

The judgment of the appellate court is reversed. The order of the circuit court of Cook County admitting the

1958 will to probate is affirmed and the cause is remanded to the circuit court for such further proceedings as may be appropriate.

*Appellate court reversed; circuit court affirmed and cause remanded.*