*In re* ESTATE OF AUGUSTINA GAGLIONE.—(Margaret G. Ruffo, Appellant and Cross-Appellee, *v.* Sam Gaglione *et al.*, Appellees and Cross-Appellants.)

First District (5th Division) Nos. 80—3175, 81—1220 cons.

Opinion filed August 6, 1982.—Modified opinion filed upon denial of rehearing November 5, 1982.

Dennis M. O'Brien, of Chicago, for appellant.

Robert R. Wagener, of Morton Grove, for appellee Mary G. Wagener.

Mack P. Manning, of Chicago, for appellees Sam Gaglione, Michael Gaglione, and Josephine DeStefano.

JUSTICE WILSON delivered the modified opinion of the court on denial of Petition for Rehearing:

This is a consolidated appeal from an order of the trial court denying plaintiff's motion to vacate the summary judgment order of November 13, 1980, and from an order which denied her claim as not being timely filed. The issues raised by plaintiff for review are: (1) The trial court erred in admitting the 1959 joint will to probate and (2) if the trial court's action was correct in admitting the 1959 joint will to probate, then it was error not to extend the time for filing claims. The pertinent facts follow.

Nicolo Gaglione and his wife Augustina executed a "Joint and Mutual Last Will and Testament" dated June 27, 1959. Nicolo died on June 17, 1967, and the 1959 joint will was filed with the probate division of the circuit court; however, it was not offered for probate as Nicolo's last will and testament.

Augustina executed another last will and testament on August 28, 1973, which instrument revoked and annulled all former wills and codicils made by her. She died on January 1, 1980.

Sam Gaglione petitioned to probate the 1959 joint will as Augustina's valid last will and requested the appointment of Michael Gaglione and Josephine DeStefano, as co-executors. The court admitted the 1959 joint will on March 31, 1980, and letters of office were to issue to the named co-executors. Notice was sent by the court clerk advising all interested heirs of their rights under the Probate Act to require formal proof of the will pursuant to section 6—21 (Ill. Rev. Stat. 1979, ch. 110½, par. 6—21).

On May 9, 1980, plaintiff, daughter of decedent, and a legatee and devisee under both the 1959 joint will and the 1973 will, filed her petition asking that letters of office issue to the named co-executors in the 1973 will, that the letters of office issued under the 1959 joint will be revoked and that the 1959 joint will be denied probate. The hearing on the petition was continued to May 12, 1980, at which time a

formal petition to probate the 1973 will was filed in open court. Plaintiff's request for a formal hearing on the 1959 joint will was continued generally and the hearing for probate of the 1973 will was set for May 16, 1980. On that date, the court stated that the most "recent will" would be admitted, and that letters of office previously issued (under the 1959 joint will) would be cancelled when the 1973 will was properly admitted. The hearing on the petition to admit the 1973 will was continued to June 9, 1980.

Plaintiff filed her petition to probate the 1973 will and to have letters of administration with the will annexed issue to her on June 9, 1980. The named co-executors of the 1973 will, Donald Panarese and Josephine DeStefano, declined to act. Objections to plaintiff's appointment as administrator with the will annexed were filed by DeStefano, Sam Gaglione and Mary Wagener. These objections were rejected and plaintiff was appointed administrator. The 1959 joint will was held in abeyance.

Michael Gaglione filed his petition seeking formal proof of the 1973 will (Ill. Rev. Stat. 1979, ch. 110½, par. 6—21) on July 7, 1980. At the hearing on Augut 7, 1980, the court heard the testimony of Marie Sabatino through an interpreter and directed that the testimony of Rev. Angelo Carbone, the other witness to the 1973 will, who was a nonresident, be secured at a mutually convenient time. After this was completed on August 21, 1980, the court accepted on formal proof the probate of the 1973 will and confirmed the letters of office previously issued to plaintiff on June 9, 1980.

There was a formal hearing held on the 1959 joint will on September 24, 1980, at which time the court received the testimony of Panarese and Francis Renaldi, witnesses to the 1959 joint will. Over plaintiff's objections to the court's authority to conduct a hearing, the court admitted the 1959 joint will to probate, and granted the proponents of the 1959 joint will time to file a motion for summary judgment.

Proponents of the 1959 will filed their motions for summary judgment with supporting briefs. Plaintiff answered and replies were filed. On November 13, 1980, the court ordered that the only will to be probated was the 1959 joint will. The 1973 will was denied probate, letters of office issued under that will were revoked and all further proceedings were ordered to be conducted under the 1959 joint will.

An appeal was filed from the court's order refusing to vacate the order admitting the 1959 joint will to probate. A notice of cross-appeal was filed by the 1959 joint will proponents on December 29, 1980. Plaintiff had previously, on November 26, 1980, filed her claim

in court and with the co-executors under the 1959 joint will for services rendered to the decedent. DeStefano, a co-executor, moved to strike and dismiss the claim as being untimely. The court ruled that the claim had not been filed within the six-month period from the date of initial issuance of letters of office under the 1959 joint will, *i.e.*, March 31, 1980, and it was dismissed as untimely filed. An appeal was filed from this order and on plaintiff's motion for consolidation, these two appeals were consolidated.

OPINION

It is plaintiff's contention that when the court was confronted with two instruments purporting to be the decedent's last will, it had the authority only to admit to probate the last unrevoked will executed according to statutory requirements.

 When the 1959 joint will met the statutory requirements of section 6—4 of the Probate Act,[1] notice was sent to all heirs and legatees advising them that they have a right to require formal proof of the will under section 6—21.[2] Plaintiff timely filed her petition asking

---

[1] "Sec. 6—4. Admission of will to probate—Testimony or affidavit of witnesses.
(a) When each of 2 attesting witnesses to a will states that (1) he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or the testator acknowledged it to the witness as his act, (2) the will was attested by the witness in the presence of the testator and (3) he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. The proponent may also introduce any other evidence competent to establish a will. If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will.
(b) The statements of a witness to prove the will under subsection 6—4(a) may be made by (1) testimony before the court, (2) an attestation clause signed by the witness and forming a part of or attached to the will or (3) an affidavit which is signed by the witness at or after the time of attestation and which forms part of the will or is attached to the will or to an accurate facsimile of the will." Ill. Rev. Stat. 1979, ch. 110½, par. 6—4 (formerly par. 6—7; renumbered par. 6—4 and amended by Pub. Act 81—213, sec. 1, eff. Jan. 1, 1980).

[2] "Sec. 6—21. Formal proof of will. If a will has been admitted to probate before notice in accordance with Section 6—4, any person entitled to notice under Section 6—10 may file a petition within 42 days after the effective date of the original order admitting the will to probate to require proof of the will pursuant to this Section. The court must set the matter for hearing upon such notice to interested persons as the court directs. At the hearing the proponent must establish the will by testimony of

that letters of office be issued under the 1973 will, that letters of office issued under the 1959 joint will be revoked and that the 1959 joint will be denied probate. Faced with the introduction of two wills, the court's function was to consider which was the last, valid unrevoked will under the statute. (*In re Estate of Marcucci* (1973), 54 Ill. 2d 266, 296 N.E.2d 849.) Having determined that a *prima facie* case of validity had been made in regard to the 1973 will and it was admitted to probate, letters under the 1959 joint will then should have been revoked. The court in probate proceedings may properly consider the issue of presumed revocation under section 6—4. See *In re Estate of Millsap* (1979), 75 Ill. 2d 247, 388 N.E.2d 374, where our supreme court held that a party is not limited to a will contest (Ill. Rev. Stat. 1979, ch. 110½, par 8—1) if he desires to produce evidence giving rise to a presumption of revocation. And the presumption of revocation may be the basis of a probate court's denial of admission. *Millsap*; see also *In re Estate of Marcucci*, where it was stated that "[t]he usual issue presented at such proceedings is a determination of which is the last, valid, *unrevoked* will of the testator." (Emphasis added.)

In *In re Estate of Baughman* (1960), 20 Ill. 2d 593, 602, our supreme court held that "any will, whether it is a joint or joint and mutual will executed to an agreement not to revoke, is revocable at any time prior to death in any of the manners prescribed by statute. \*\*\*" Thus, an order admitting a will to probate does not foreclose further proceedings determining the will's validity. The parties may further litigate the will's validity in a subsequent will contest under section 8—1 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1). A will may be contested in a will contest on any grounds, including its revocation. *Dowling v. Gilliland* (1916), 275 Ill. 76, 113 N.E. 987; *In re Estate of Ketter* (1978), 63 Ill. App. 3d 796, 380

the witnesses as provided in subsection 6—4(b)(1) or Section 6—5 or other evidence as provided in this Act, but not as provided by subsection 6—4(b)(2) or subsection 6—4(b)(3), as if the will had not originally been admitted to probate. If the proponent establishes the will by sufficient competent evidence, the original order admitting it to probate and the original order appointing the representative shall be confirmed and are effective as to all persons, including creditors, as of the dates of their entries, unless there is proof of fraud, forgery, compulsion or other improper conduct, which in the opinion of the court is sufficient to invalidate or destroy the will. The time for filing a petition to contest a will under Section 8—1 is not extended by the filing of the petition under this Section if the order admitting the will to probate is confirmed, but if that order is vacated, the time for filing the petition under Section 8—2 runs from the date of vacation of the order admitting the will to probate." Ill. Rev. Stat. 1979, ch. 110½, par. 6—21 (added by Pub. Act 81—213, sec. 1, eff. Jan. 1, 1980).

N.E.2d 385; *Sternberg v. St. Louis Union Trust Co.* (1946), 394 Ill. 453, 68 N.E.2d 892.

■■ ■ Consequently, it was error for the court in the pending matter to conduct further proceedings under sections 6—4 and 6—21 on the 1959 joint will since it had already accepted formal proof of the 1973 will which revoked the 1959 joint will, under section 6—21. The validity of the 1959 joint will was not properly presented in the section 6—21 hearing after the proper admission of the 1973 will. It appears that the court characterized the section 6—21 hearing on the 1959 joint will in the nature of a "will contest," which was error as hearings conducted under sections 6—4 and 6—21 are not as broad as a hearing conducted under section 8—1, and a jury trial may be requested under this section. The court then advised the proponents of the 1959 joint will to file a motion for summary judgment, which was improper.

■■ ■ We believe that the 1973 will revoked all former wills and codicils and was duly proved and should have been admitted to probate as the last, valid, unrevoked will. Opponents of the 1973 will can institute further proceedings to initiate a will contest, provided statutory requirements are met. (See, *e.g.*, *In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 386 N.E.2d 862.) A consideration of whether plaintiff's claim for services was timely filed becomes moot as her claim was filed within six months from the issuance of letters of office to her under the 1973 will.

■ Contentions of the cross-appellants that plaintiff failed to comply with the Civil Practice Act are raised for the first time on appeal and are without merit. In any event, the Civil Practice Act would only apply except as otherwise provided by the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 1—6; *In re Estate of Ariola*). Plaintiff filed her section 6—21 petition interrupting the proceedings under the 1959 joint will within the 42-day time limit prescribed by the Probate Act. Therefore, its provisions would govern.

For the reasons aforestated, we are remanding this matter with direction to the trial court to (1) vacate its order granting summary judgment admitting the 1959 will to probate; (2) vacate its order denying plaintiff's claim as being untimely filed; (3) enter an order admitting the 1973 will to probate and for such further procedings consistent with this opinion.

Reversed and remanded with directions.

LORENZ and MEJDA, JJ., concur.