(No. 57662.—)

*In re* ESTATE OF AUGUSTINE GAGLIONE (Margaret G. Ruffo, Appellee and Cross-Appellant, v. Sam Gaglione *et al.*, Appellants and Cross-Appellees).

*Opinion filed September 23, 1983.*

Mack P. Manning, of Chicago, for appellants and cross-appellees Sam Gaglione, Michael Gaglione, and Josephine DeStefano.

Robert R. Wagener, of Morton Grove, for appellant and cross-appellee Mary G. Wagener.

Dennis M. O'Brien, of Chicago, for appellee and cross-appellant Margaret G. Ruffo.

JUSTICE CLARK delivered the opinion of the court:

On November 13, 1980, the circuit court of Cook County, in ruling on a summary judgment motion, denied probate to the will of Augustina Gaglione dated August 28, 1973, and ordered that the joint and mutual will of Nicolo and Augustina Gaglione dated June 27, 1959, be

admitted to probate. The circuit court also entered an order on April 20, 1982, denying the claim of Margaret Ruffo as untimely filed. All of those orders entered in the circuit court were reversed by a judgment entered in the appellate court on November 5, 1982. (109 Ill. App. 3d 748.) We allowed the petition for leave to appeal filed by Sam Gaglione, Michael Gaglione, Josephine De Stefano, and Mary G. Wagener.

The appellate court set forth the pertinent facts as succinctly as possible. The facts are as follows.

Nicolo Gaglione and his wife Augustina executed a "Joint and Mutual Last Will and Testament" dated June 27, 1959. Nicolo died on June 21, 1964, at which time the 1959 joint will was filed with the probate division of the circuit court. The will was not, however, offered for probate as Nicolo's last will and testament.

Augustina executed another last will and testament on August 28, 1973, which revoked and annulled all former wills and codicils made by her. She died on January 1, 1980.

Sam Gaglione, decedent's son, petitioned to probate the 1959 joint will as Augustina's valid last will and requested the appointment of Michael Gaglione and Josephine De Stefano, as co-executors. The court admitted the 1959 joint will on March 31, 1980, and letters of office were to issue to the named co-executors. Notice was sent by the court clerk advising all interested heirs of their rights under the Probate Act of 1975 to require formal proof of the will pursuant to section 6—21 (Ill. Rev. Stat. 1979, ch. 110½, par. 6—21).

On May 9, 1980, plaintiff, Margaret Ruffo, daughter of decedent, and a legatee and devisee under both the 1959 joint will and the 1973 will, filed her petition asking that letters of office issue to the named co-executors in the 1973 will, that the letters of office issued under the 1959 joint will be revoked, and that the 1959 joint will

be denied probate. The hearing on the petition was continued to May 12, 1980. Plaintiff's request for a formal hearing on the 1959 joint will was continued generally, and the hearing for probate of the 1973 will was set for May 16, 1980. On May 16, 1980, the court stated that the most recent will would be admitted, and that the letters of office previously issued (under the 1959 joint will) would be cancelled when the 1973 will was properly admitted. The hearing on the petition to admit the 1973 will was continued to June 9, 1980.

On June 9, 1980, plaintiff filed her petition to probate the 1973 will and to have letters of administration with the will annexed issued to her. The named co-executors of the 1973 will, Donald Panarese and Josephine De Stefano, declined to act. Objections to plaintiff's appointment as administrator with the will annexed were filed by Josephine De Stefano, Sam Gaglione and Mary Wagener. These objections were rejected and the plaintiff was appointed administrator. The 1959 joint will was held in abeyance.

Michael Gaglione filed a petition seeking formal proof of the 1973 will (Ill. Rev. Stat. 1979, ch. 110½, par. 6—21) on July 7, 1980. At the hearing on August 7, 1980, the court heard the testimony of Marie Sabatino through an interpreter and directed that the testimony of Rev. Angelo Carbone, the other witness to the 1973 will who was a nonresident, be secured at a mutually convenient time. After this was completed on August 21, 1980, the court accepted, on formal proof, the probate of the 1973 will and confirmed the letters of office previously issued to plaintiff on June 9, 1980.

There was a formal hearing on the 1959 joint will on September 24, 1980, at which time the court received the testimony of Panarese and Francis Renaldi, witnesses to the 1959 joint will. Over plaintiff's objections to the court's authority to conduct a hearing, the court

admitted the 1959 joint will to probate, and granted the proponents of the 1959 joint will time to file a motion for summary judgment.

Proponents of the 1959 will filed their motions for summary judgment with supporting briefs. Plaintiff answered, and replies were filed. On November 13, 1980, the court ordered the only will to be probated was the 1959 joint will. The 1973 will was denied probate, letters of office issued under that will were revoked, and all further proceedings were ordered to be conducted under the 1959 joint will.

An appeal was filed from the court's order refusing to vacate the order admitting the 1959 joint will to probate. A notice of cross appeal was filed by the 1959 joint will proponents on December 29, 1980. Plaintiff had previously, on November 26, 1980, filed her claim in court and with the co-executors under the 1959 joint will, for services rendered to the decedent. De Stefano, a co-executor, moved to strike and dismiss the claim as being untimely. The circuit court ruled that the claim had not been filed within the six-month period from the date of initial issuance of letters of office under the 1959 joint will, and it was dismissed as untimely filed. An appeal was filed from this order, and on plaintiff's motion for consolidation, these two appeals were consolidated in the appellate court.

The appellate court found that it was error for the circuit court to conduct the further proceeding that it did under sections 6—4 and 6—21 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, pars. 6—4, 6—21) on the 1959 joint will, since the court had already accepted proof of the 1973 will which had revoked the 1959 joint will. The appellate court further found that the circuit court improperly advised the proponents of the 1959 joint will to file a motion for summary judgment. In determining that the 1973 will was duly proved

to have revoked all former wills, the appellate court concluded it should have been admitted to probate as the last valid, unrevoked will, further finding that the appropriate action for the opponents of the 1973 will would be to initiate a will contest in compliance with statutory requirements. The appellate court also determined that a consideration of whether plaintiff's claim for services was timely filed becomes moot, since her claim was filed within six months of the issuance of letters of office to her under the 1973 will. In so finding, the appellate court remanded the matter with directions to the trial court to vacate its order granting summary judgment admitting the 1959 will to probate, vacate its order denying plaintiff's claim as being untimely filed, and enter an order admitting the 1973 will to probate.

We now affirm the judgment of the appellate court.

The critical juncture in these complex, somewhat convoluted, proceedings occurred after the probate court confirmed the admission of the 1973 will pursuant to section 6—21 of the Probate Act of 1975, which provides:

"Formal proof of will. If a will has been admitted to probate before notice in accordance with Section 6—4, any person entitled to notice under Section 6—10 may file a petition within 42 days after the effective date of the original order admitting the will to probate to require proof of the will pursuant to this Section. The court must set the matter for hearing upon such notice to interested persons as the court directs. At the hearing the proponent must establish the will by testimony of the witnesses as provided in subsection 6—4(b)(1) or Section 6—5 or other evidence as provided in this Act, but not as provided by subsection 6—4(b)(2) or subsection 6—4(b)(3), as if the will had not originally been admitted to probate. If the proponent establishes the will by sufficient competent evidence, the original order admitting it to probate and the original order appointing the representative shall be confirmed and are effective as to all persons, including creditors, as of the dates of their entries, unless there is

proof of fraud, forgery, compulsion or other improper conduct, which in the opinion of the court is sufficient to invalidate or destroy the will. The time for filing a petition to contest a will under Section 8—1 is not extended by the filing of the petition under this Section if the order admitting the will to probate is confirmed, but if that order is vacated, the time for filing the petition under Section 8—2 runs from the date of vacation of the order admitting the will to probate." Ill. Rev. Stat. 1979, ch. 110½, par. 6—21.

Section 6—4 of the Probate Act of 1975 provides:

"Admission of will to probate-Testimony or affidavit of witnesses.

(a) When each of 2 attesting witnesses to a will states that (1) he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or the testator acknowledged it to the witness as his act, (2) the will was attested by the witness in the presence of the testator and (3) he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. The proponent may also introduce any other evidence competent to establish a will. If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will.

(b) The statements of a witness to prove the will under subsection 6—4(a) may be made by (1) testimony before the court, (2) an attestation clause signed by the witness and forming a part of or attached to the will or (3) an affidavit which is signed by the witness at or after the time of attestation and which forms part of the will or is attached to the will or to an accurate facsimile of the will." Ill. Rev. Stat.

1979, ch. 110½, par. 6—4.

After confirming the admission of the 1973 will, the circuit court directed a hearing to receive formal proof on the 1959 joint will. It was improper for the circuit court to accept proof under section 6—4 or section 6—21 as to the validity of an alleged contract embodied in the 1959 will.

As this court stated in *In re Estate of Marcucci* (1973), 54 Ill. 2d 266, 270: "The purpose of this section [then section 69 of the Probate Act (Ill. Rev. Stat. 1967, ch. 3, par. 69), now section 6—4 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 6—4)] is to expeditiously admit a will to probate and appoint an executor to marshal and protect the assets of the estate. The usual issue presented at such proceedings is a determination of which is the last, valid, unrevoked will of the testator. Any attempt to prove the existence of a contract not to revoke at such proceedings is irrelevant since it is tantamount to an attempt to prove a contractual claim against the estate before the appointment of an indispensable party, the executor."

In the instant case, the probate court went beyond the limitations of a section 6—4 hearing. The question before the probate court was to consider which of the two instruments was the last valid, unrevoked will of Augustina Gaglione executed pursuant to the requirements of the statute. In its inquiry, the probate court properly looks to determine if the will to be admitted has been revoked, "[b]ecause, as a matter of law, a probate court will not admit a revoked will." (*In re Estate of Millsap* (1979), 75 Ill. 2d 247, 253.) This court has clearly articulated that a joint and mutual will executed pursuant to an agreement not to revoke, "is revocable at any time prior to death in any of the manners prescribed by statute." (*In re Estate of Baughman* (1960), 20 Ill. 2d 593, 602.) However, because we find the admission of the 1973 will to be proper does not mean that further proceedings to determine the will's validity are foreclosed. The validity of a will may be chal-

lenged in a will contest pursuant to section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1).

While it is true that this court has recognized that a properly executed joint and mutual will establishes a presumption in favor of a contract between the two parties who have executed the will (*Jusko v. Grigas* (1962), 26 Ill. 2d 92; *In re Estate of Edwards* (1954), 3 Ill. 2d 116), distribution according to the terms of an equitable contract is not the subject of inquiry in a section 6—4 proceeding and was improperly considered once the 1973 will was formally admitted to probate by the circuit court.

While the distribution of the estate under the 1973 will may be delayed pending resolution of the equitable contract claims against the estate, such claims should not work to defeat admission to probate of the 1973 will in a section 6—4 proceeding under the Probate Act of 1975.

Because we have affirmed the appellate court's finding that the 1973 will was properly admitted to probate as the last valid, unrevoked will, we also find that plaintiff's claim for services was timely filed within six months from the issuance of letters of office to her under the 1973 will.

In sum, we affirm the appellate court in reversing the circuit court and remanding the cause with directions to (1) vacate the circuit court order granting summary judgment admitting the 1959 will to probate, (2) vacate the circuit court order denying plaintiff's claim as being untimely filed, and (3) enter an order admitting the 1973 will to probate.

*Judgment affirmed.*