DOLORES D. PERINO *et al.*, Petitioners-Appellants, v. KRISTINE ELDERT *et al.*, Respondents-Appellees.

Third District   No. 3—90—0660

Opinion filed August 21, 1991.

Robert D. Gaubas, of Robert D. Gaubas, Ltd., of Peoria, for appellants.

Jonathan T. Schlake, of Bill Butts, Barrister, Ltd., of Galesburg, for appellees.

JUSTICE BARRY delivered the opinion of the court:

Dolores D. Perino and Wallace E. Prince appeal from an order of the circuit court of Knox County, probate division, dismissing their petition to vacate the 1988 will of Bernice Guardalabene which had been admitted to probate and to substitute the 1961 joint and mutual will of Bernice. The sole issue on appeal is whether a petition to vacate the deceased testator's most recent will was properly filed in the probate proceeding. We agree with the trial court that it was not, and we affirm.

While Bernice was married to C.L. Prince, the two jointly executed a will whereby they left all of their property to each other and with a further provision that the surviving testator shall give his or her entire estate to the children of C.L. Prince: Dolores D. Perino and Wallace E. Prince. This will was dated August 10, 1961.

C.L. Prince died in 1964, and Bernice later remarried. In 1988 she executed a new will leaving her property to her nieces and nephews and naming Kristine Eldert as executor. After Bernice's death in 1990, Kristine presented the 1988 will for probate, and the will was admitted. Perino and Prince subsequently petitioned in probate to vacate the 1988 will and to substitute the 1961 will on the theory that the latter will was a joint and mutual will which became irrevocable upon the death of the first testator, C.L. Prince. The trial court dismissed the petition and, in its written order, stated, "[T]his Order is not intended to preclude Delores [sic] D. Perino from pursuing another avenue in chancery on her claim."

■ The law of Illinois concerning probate jurisdiction has long been settled. In a similar factual situation, the Illinois Supreme Court in *In re Estate of Baughman* (1960), 20 Ill. 2d 593, 601, 170 N.E.2d 557, 561, held:

"We conclude that a county court sitting in probate, or a probate court, in passing on a petition for probate, has no jurisdiction to determine the validity or construction of a prior revoked joint will as a contract not to revoke, but under section 69 of the Probate Act [(now Ill. Rev. Stat. 1989, ch. 110½, par. 6—4)] the jurisdiction to be exercised and the issue to be decided is as to which of the proffered instruments is the last will of the testator executed in compliance with the statutory requirements, free of fraud, forgery, compulsion or other improper conduct."

■ Subsequently, the supreme court ruled that the abolition of probate courts and the creation of circuit courts of unlimited jurisdiction in the judicial article (Ill. Const. 1870, art. VI, §8 (1964)) did not change the scope of a proceeding to admit a will to probate under the Probate Act. (*In re Estate of Marcucci* (1973), 54 Ill. 2d 266, 296 N.E.2d 849.) The court in *Marcucci* stated:

"[T]he validity of a joint and mutual will is not within the permissible scope of inquiry as delineated by the statute (section 69) [(now section 6—4)]. The purpose of this section is to expeditiously admit a will to probate and appoint an executor to marshal and protect the assets of the estate. The usual issue presented at such proceedings is a determination of which is

the last, valid, unrevoked will of the testator. Any attempt to prove the existence of a contract not to revoke at such proceedings is irrelevant since it is tantamount to an attempt to prove a contractual claim against the estate before the appointment of an indispensable party, the executor." 54 Ill. 2d at 270, 296 N.E.2d at 851.

These decisions were followed by the trial court here in refusing to decide the question of a contract not to revoke as a part of the probate proceeding. The parties have indicated on appeal that an equitable action has been filed by Perino and Prince to enforce their claimed contractual rights to the property owned by Bernice at her death. Thus, their claim can still be judicially determined in the appropriate proceeding.

In arguing that the trial court erred, Perino and Prince have relied upon two decisions of the appellate court. In *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77, the issue of whether a will already admitted to probate was a joint and mutual will was raised by a complaint for construction of the will. Unlike the case at bar, there was no question of an attempted revocation of a joint will, and nothing in that decision is contrary to the order of the trial court here.

The facts in *In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500, more closely resemble the instant case in that certain nieces and nephews of the deceased testator sought to have a 1980 will, previously admitted to probate, declared ineffective and to declare binding a 1960 will made jointly with the testator's brother who had died before testator. The published opinion in the *Schwebel* case does not consider the propriety of the petition. Presumably the parties did not raise the issue, and it was, therefore, waived. To the extent *Schwebel* is inconsistent with the rulings of the supreme court in *Baughman* and *Marcucci*, we consider the latter decisions to be controlling.

The order of the circuit court is affirmed.

Affirmed.

SLATER and HAASE, JJ., concur.