*In re* ESTATE OF MAGDALENE KVASAUSKAS, Deceased—(FELIX KAIRIS, Objector-Appellant, *v.* JOSEPHINE JAROMINSKAS, Individually and as Exr. of the Will of MAGDALENE KVASAUSKAS, Deceased, *et al.,* Defendants-Appellees.)

(No. 71-185; )

Second District—May 8, 1972.

Diver, Ridge, Brydges & Bollman, of Waukegan, (Robert Bollman, of counsel,) for appellant.

Lawrence J. Petroshius, of Waukegan, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This appeal is prosecuted from an order of the Circuit Court of the Nineteenth Judicial Circuit, Lake County, entered April 29, 1971, that

overruled certain objections filed by the appellant, Felix Kairis, and admitted the will of Magdalena Kvasauskas dated March 5, 1971, to probate. Kairis contended in his objections to the admission of the will, and contends here as the basis of his appeal, that he had been improperly denied the right to take the discovery depositions of the witnesses to the will and of the attorney who had prepared it prior to and in preparation for the hearing on the petition to admit that instrument to probate.

It appears that Magdalena Kvasauskas died on March 6, 1971, leaving her sister, living in Lithuania, as her only known heir at law. On March 8, Josephine Jarominskas filed a petition stating that Magdalena had left a will, dated March 5, wherein she was nominated as executor and asked that the will be admitted to probate and letters testamentary issue. The will was executed by the testator marking her "x" before two witnesses, Sigmund Ramanauskas and Vladas Petrauskas.

A second will, dated November 28, 1970, was also filed on March 8, wherein Magdalena nominated the appellant, Felix Kairis, as executor and principal beneficiary. On March 11, the appearance of Kairis and his attorneys were filed and, on April 16, subpoenas issued to take the depositions of Ramanauskas, Petrauskas and the attorney who drafted the will. Those subpoenas were quashed, on the motion of Josephine Jarominskas, on April 22 and the trial court refused to permit an interlocutory appeal from that order sought pursuant to Supreme Court Rule 308. Ill. Rev. Stat. 1969, ch. 110A, sec. 308.

The matter proceeded to hearing on the petition of Joseph Jarominskas on April 29 at which time Ramanauskas and Petrauskas testified and were cross-examined by the attorney representing Kairis. His objections to the admission, as we have already said, were denied and the will admitted to probate.

The appellant points out that section 5 of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, sec. 5) provides that the provisions of the Civil Practice Act apply to proceedings brought under it. He further calls our attention to the fact that section 6 of the Act, prior to its repeal in 1963, provided that "* * * the depositions of witnesses in proceedings under this Act shall be taken as near as may be in the same manner as depositions in other civil cases." Ill. Rev. Stat. 1963, ch. 3, sec. 6 repealed eff. Jan. 1, 1964.

The Civil Practice Act, of course, provides for liberal pretrial discovery procedures including "* * * full disclosure regarding any matter relevant to the subject matter involved in the pending action * * *." (Ill. Rev. Stat. 1969, ch. 110A, sec. 201(b)(1).) Since the proper execution and attestation of the will was obviously relevant to its admission to probate, the appellant maintains that he should have been

allowed to utilize the discovery procedure provided in the Act in preparation for the hearing.

Supreme Court Rule 201 also provides, however, that "Prior to the time all defendants have appeared or are required to appear, no deposition or other discovery procedure shall be noticed or otherwise initiated without leave of court granted upon good cause shown." Ill. Rev. Stat. 1969, ch. 110A, sec. 201(d).

■■ The probate act is designed to provide a method whereby the administration of an estate can be commenced quickly and yet permit interested parties adequate opportunity to test the validity of a will. (*In re Estate of Carr*, 126 Ill.App.2d 461, 262 N.E.2d 54, 58.) The act provides that notice of a petition to admit a will be furnished to the heirs, devisees and legatees of the testator at least 14 days prior to a hearing. (Ill. Rev. Stat. 1969, ch. 3, sec. 64.) The persons entitled to notice are clearly not "defendants" nor are they, of course, required to appear at the hearing. The standing of the appellant to object to the petition was, on the basis of the probate act, questionable at best.

■■■ In any event, the order admitting a will to probate is not final as to its execution or validity. (*Sternberg v. St. Louis Union Tr. Co.*, 394 Ill. 452, 459.) Section 90 of the act provides that "* * * any interested person may file a petition in the proceeding for the administration of the testator's estate to contest the validity of the will * * *" within 7 months after its admission to probate. (Ill. Rev. Stat. 1969, ch. 3, sec. 90.) It is in that proceeding that the full panoply of discovery tools is available and should be utilized by a litigant. Indeed, the appellant has commenced a proceeding in the trial court to contest the will and has, apparently, taken the depositions of the witnesses to the will. We have, nonetheless, determined not to dismiss the appeal as moot since the question appears to be one of first impression and of considerable importance in the orderly administration of estates.

■■ We are of the opinion that the procedure provided in the probate act for the prompt and orderly administration of estates should not be unnecessarily delayed where the rights of all interested parties are already adequately safeguarded. For that reason, we feel that the trial court was well within its sound discretion when it denied the discovery sought by the appellant and admitted the will to probate.

The motion filed by the appellee that the appeal be dismissed on the basis that said appeal is moot is denied.

The order of the court will be affirmed.

Judgment affirmed.

T. MORAN and GUILD, JJ., concur.