*In re* ESTATE OF LUCY MARTINO, Deceased.—(VALERIE MARTINO DOUGLAS, Petitioner-Appellant, *v.* SALVATOR B. MARTINO *et al.*, Respondents-Appellees.)

First District (4th Division)  No. 78-350

Opinion filed May 31, 1979.

J. Stirling Mortimer, of Chicago, for appellant.

Buoscio & Buoscio, of Chicago (Richard Altieri, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

On November 2, 1977, Salvator B. Martino filed a petition for probate of a copy of the will of Lucy Martino, who died on April 18, 1977, leaving a will dated July 27, 1967, the original of which could not be found. On December 16, 1977, the court, after a hearing under section 6—7 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 6—7), entered an order admitting the lost will to probate. On December 30, 1977, Valerie Martino Douglas (petitioner), a granddaughter of the deceased, filed a petition to contest the will under section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 8—1) on the ground that the original was lost and legally presumed revoked. On the same day, petitioner filed a notice of appeal from the December 16, 1977, order admitting the will to probate.

Petitioner contends (1) the proponents of the will did not prove due execution as required by section 4—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 4—3); and (2) the court should not have admitted the will to probate since the evidence showed the will had been lost, thus invoking a presumption that the testator had destroyed the will. Respondents contend (1) the proponents clearly established due execution of the will and the petitioner expressly agreed at the hearing conducted pursuant to section 6—7 of the Probate Act of 1975 that there was no dispute concerning the execution or the terms of the will; (2) the court did not err in admitting the will to probate; (3) this appeal from an order entered in a section 6—7 proceeding is moot as a result of the filing of the will contest under section 8—1 of the Probate Act of 1975 and the appeal should be dismissed; and (4) the order admitting the will to probate under section 6—7 is not a final, appealable order and the appeal should be dismissed. Since we agree with the latter two contentions, we do not reach the other contentions.

Section 6—7 of the Probate Act of 1975 was formerly section 69 (Ill. Rev. Stat. 1975, ch. 3, par. 69). Section 6—7 provides for the admission of the will to probate. Section 8—1 of the Probate Act of 1975 was formerly section 90 (Ill. Rev. Stat. 1975, ch. 3, par. 90). This section authorizes the contest of a will which has been admitted to probate. Both former sections 69 and 90 are incorporated, without material change as applied to the present case, in sections 6—7 and 9—1 of the current probate statute.

At the hearing pursuant to section 6—7, Attorney F. Ronald Buoscio testified he had prepared the original will at deceased's request and kept an office copy in his files, which he identified as an exhibit. He was present when the will was executed on July 27, 1967; he signed the original and saw deceased sign her name to it. He believed she was of sound mind and memory at that time. During this testimony, counsel for petitioner stated: "We are not disputing that the 1967 will was executed, nor frankly, are we disputing its terms. Our dispute lies with its existence."

Attorney Harry Buoscio testified that he also signed the original instrument at deceased's request as a witness, saw her sign her name and was present when she signed. In his opinion, she was of sound mind.

Salvator Martino, deceased's son, testified the last time he saw the missing will was in mid-1975 in the living room of his mother's house. After she died, he could not find the will.

Dr. Nicholas B. Columbo testified he had cared for deceased since 1933. In 1975, her mental condition was deteriorating and he admitted her to a hospital after she fell down. In his opinion, she became senile in the last 6 months of 1975 and was not able to take care of her own affairs. She was subsequently admitted to a nursing home where she died in 1977.

Daniel S. Martino, deceased's grandson, testified he visited his grandmother every week starting in 1970. In the mid-1970s she would put things away and not remember where she put them and deliberately hid things.

■■ ■ When a reviewing court has notice that only moot questions or mere abstract propositions are involved, the court will dismiss the appeal. (*People v. McCullum* (1977), 66 Ill. 2d 306, 316, 362 N.E.2d 307; *In re Johnson* (1977), 53 Ill. App. 3d 921, 924, 369 N.E.2d 70.) As the supreme court said in *Sternberg v. St. Louis Union Trust Co.* (1946), 394 Ill. 452, 459, 68 N.E.2d 892, once a proceeding is brought under section 8—1 (formerly section 90) to contest a will, the order admitting the will to probate under section 69 "has no force or effect" in the will contest proceeding. Thus, the filing of the petition to contest the will under section 8—1 rendered the order admitting the will to probate moot for purposes of appeal since petitioner could again raise the issue decided in the prior proceeding under section 6—7. Compare *In re Estate of Kvasauskas* (1972), 5 Ill. App. 3d 202, 282 N.E.2d 465.

In addition, section 26—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 26—1) provides: "Appeals may be taken as in other civil cases." Supreme Court Rule 301 (Ill. Rev. Stat. 1977, ch. 110A, par. 301) provides for appeal of final orders. It is well settled that an order admitting a will to probate under section 6—7 (formerly section 69 of the Probate Act) is not final. (*Sternberg v. St. Louis Union Trust Co.*; *In re Estate of Ketter* (1978), 63 Ill. App. 3d 796, 380 N.E.2d 385; *In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 170, 386 N.E.2d 862.) As was pointed out in *In re Estate of Marcucci* (1973), 54 Ill. 2d 266, 269, 296 N.E.2d 849, 851, the scope of the proceeding to admit a will to probate is strictly limited to whether the will was executed in compliance with the statute and the proof is confined to the essential statutory elements to establish " 'whether a *prima facie* case of validity has been made.' " (*Marcucci*, at 269.) We conclude that in view of the holding of the supreme court in *Marcucci*, an order admitting a will to probate under section 6—7 is not a final but an interlocutory order. The order admitting the will to probate

neither terminates the litigation on its merits nor settles the rights of the parties in respect of the will and is, consequently, not a final order. Compare *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 67, 344 N.E.2d 461.

We have also considered whether the order entered in the section 6—7 proceeding is appealable under the provisions of Supreme Court Rule 304(b)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(1)) which provides that an order entered in the administration of an estate is appealable "which finally determines a right or status of a party." The Committee Comments state that this subsection applies to orders that are final in character such as an order "admitting or refusing" to admit a will to probate, appointing or removing an executor or allowing or disallowing a claim. (Ill. Ann. Stat., ch. 110A, par. 304(b)(1), Committee Comments, at 240 (Smith-Hurd Supp. 1979).) Although an order *denying* admission of a will to probate may be final, we have concluded that an order admitting a will to probate is not final in view of the alternative provided in section 8—1 of the Probate Act of 1975 to contest a will and decisions heretofore noted construing the character of the order admitting a will to probate under section 6—7 as a nonfinal order. (*Cf. Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.*) Consequently, there is no jurisdiction under Supreme Court Rule 304(b)(1) to consider this appeal.

Since we have no jurisdiction to consider an appeal from an order admitting a will to probate under section 69, and since the filing of the section 8—1 will contest in this case moots the order, we dismiss the appeal.

Appeal dismissed.

JIGANTI, P. J., and LINN, J., concur.