*In re* ESTATE OF JEANETTE T. WATSON, Deceased (Thomas Watson, Petitioner-Appellant, *v.* WILLIAM WALSH, Ex'r of the Estate of Jeanette T. Watson, Deceased, *et al.*, Respondents-Appellees).

Second District   No. 2—83—0784

Opinion filed August 30, 1984.

A. J. Hardiman, Ltd., of Chicago, for appellant.

LeRoy W. Gudgeon, of Northfield, and Ellis E. Fuqua and Douglas W. Stiles, both of Fuqua, Winter, Wysocki and Stiles, Ltd., of Waukegan, for appellees.

JUSTICE NASH delivered the opinion of the court:

Petitioner, Thomas Watson, appeals from a judgment which dismissed his petition to set aside the will of Jeanette T. Watson, deceased, on the grounds petitioner lacked standing to contest the will and that the petition failed to state a cause of action. He also appeals from the order of the trial court which denied all discovery to petitioner until the petition stated a cause of action.

Jeanette T. Watson died May 31, 1982, leaving an instrument dated July 30, 1980, which purported to be her last will and testament. It was admitted to probate on petition of respondent, William Walsh, who was appointed as executor of the estate. The approximate

value of the estate was $66,500 and the will named as residuary legatees: St. Ann's Home for the Aged, one half; John M. Walsh, one quarter; and William Walsh, one quarter.

The first petition to set aside the will was filed January 10, 1983, and alleged decedent lacked testamentary capacity and that the will was executed as a result of undue influence. The petition also alleged that decedent had executed a prior will in 1966, wherein petitioner was bequeathed 50% of the residuary of the estate, and that it was decedent's true and valid will.

Petitioner also served written interrogatories upon respondents William Walsh and St. Ann's Home, together with a notice for depositions and demand for documents. Respondents did not comply with these requests and on March 7 and March 22, respectively, filed motions to strike the petition on grounds it failed to state a cause of action and was not verified. Petitioner thereupon moved to be permitted to complete discovery prior to the hearing of the motions to strike the petition. This motion was denied and, after a hearing held April 15, the first petition was dismissed on the grounds petitioner lacked standing and was not verified. The court noted it was not ruling upon the sufficiency of the petition and that matter could be raised again.

A verified amended petition filed June 1 alleged, *inter alia*, that petitioner had been advised by decedent in 1979 that he was permanently named in her will to receive a part of her estate; that petitioner believed the prior will was in existence at the time of the alleged execution of the will dated July 30, 1980, and may be in the possession of the attorneys for the executor; that one of those attorneys had acknowledged that petitioner was a 50% residuary legatee in a prior will of decedent; that petitioner was unable to secure a copy of that will to attach to the petition as respondents have failed to reply to his requests and the trial court had ordered they need not comply with discovery. Affidavits in support of these allegations of fact were attached to the petition.

As to the document dated July 30, 1980, the amended petition alleged it was not decedent's will for these reasons:

"(a) That at the time of the alleged or supposed execution of said instrument, Jeanette T. Watson was of unsound mind and memory and did not have the physical or mental capacity to execute a will as she was suffering from, and for a long time prior thereto had suffered from a cerebral deficit and other cardiovascular difficulties.

(b) That at the time of the execution of said instrument, Jeanette T. Watson did not have the mental capacity, power or

ability to know or understand what property she had to dispose of, or know who were the natural objects of her bounty.

(c) That at the time of the execution of said instrument, Jeanette T. Watson was under the influence, domination and control of certain unidentified agents and employees of respondent, St. Ann's Home for the Aged, which deprived the decedent of ¬her free agency and the freedom of her will and it was not her free and voluntary act."

The petition further alleged that when allowed by the court to conduct discovery, an amended petition would be presented.

Respondents sought dismissal of the amended petition alleging, *inter alia*, it failed to state a cause of action, that a copy of the prior will was not attached, and that petitioner lacked standing to contest the will. Petitioner again sought leave of court to pursue discovery before it ruled upon respondents' motions to strike, and his request was denied. A notice to the executor's attorneys to be examined concerning any prior will of decedent was quashed as was also a *subpoena duces tecum* which had been served upon one of the attorneys for the executor to require him to produce all records relating to any prior wills of decedent. Petitioner appeals.

## STANDING

■ Section 8—1(a) of the Probate Act (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(a)) provides that any interested person may file a petition to contest the validity of a will. It has been held that legatees of a prior will of a decedent, even though not heirs at law, are "interested" persons within the meaning of the Act. (*Kelley v. First State Bank* (1980), 81 Ill. App. 3d 402, 413, 401 N.E.2d 247; *In re Estate of King* (1968), 91 Ill. App. 2d 342, 235 N.E.2d 276.) Although in the present case the alleged prior will could not be produced, section 2—606 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—606) provides that where a claim is founded upon a written instrument which is not available, the pleader may attach to the pleading an affidavit stating facts showing the instrument is not available to him. Petitioner did so in this case, and we conclude he had standing to bring the will contest under the allegations of the amended petition.

## DISCOVERY

■ Petitioner contends the trial court erred in denying him any right by discovery processes to seek facts from respondents regarding decedent's physical and mental condition and the existence of her prior will. He sought production from respondents William Walsh and

St. Ann's Home for the Aged, Inc., of information relating to the execution of the second will dated July 30, 1980, the names of persons having knowledge of the mental and physical condition of decedent at that time, together with the identity of persons who rendered medical or mental treatment to her, and any drugs or medication administered. Petitioner also sought information whether any agreement had been entered between decedent and St. Ann's Home for the Aged, Inc., concerning the testamentary disposition of her property. Petitioner argues that had he been permitted to pursue discovery procedures in these matters, it may have been possible for him to file a more complete and factually detailed petition.

Respondent, William Walsh, executor, contends the trial court correctly denied discovery as the petition did not allege facts stating a cause of action, and to require respondents to undergo the expense of discovery prior to pleading a cause of action would be an abuse and harassment. Respondent, St. Ann's Home for the Aged, Inc., argues that petitioner, without leave of court, initiated discovery on February 17, 1983, prior to the time all defendants had appeared or were required to appear, contrary to Supreme Court Rule 201(d) (87 Ill. 2d R. 201(d)). It further contends that petitioner's failure to seek to reinstitute discovery procedures until he had filed his amended petition on May 30 shows a lack of diligence and effort to delay the ruling on respondents' motions to strike, citing Supreme Court Rule 201(f) (87 Ill. 2d R. 201(f)).

Pretrial discovery is controlled by Supreme Court Rules 201 through 219 (87 Ill. 2d Rules 201 through 219), and Rule 201(d) determines when it may be commenced:

> "(d) Time Discovery May Be Initiated. Prior to the time all defendants have appeared or are required to appear, no deposition or other discovery procedure shall be noticed or otherwise initiated without leave of court granted upon good cause shown." 87 Ill. 2d R. 201(d).

The first petition to set aside the will was filed January 10, 1983, and named as respondents William Walsh, the executor and a legatee; John M. Walsh, a legatee; St. Ann's Home for the Aged, Inc., a legatee; Marie Goodlander; Daniel Walsh, James Walsh and Rita Wren, heirs at law; and "other unknown heirs." Summons was issued to the named parties, and all of them, except for Marie Goodlander and St. Ann's Home for the Aged, Inc., were personally served by January 27, 1983. Marie Goodlander is described in the record as a grandniece of decedent residing in Grand Haven, Michigan. Service on St. Ann's Home is not shown in the record; however, on February 14 it gave

notice to petitioner of its motion to strike the petition, which it filed on March 7. The executor thereafter filed his motion to strike the petition, and none of the other respondents have appeared in the cause.

It is unclear when, in the context of a proceeding to contest a will, it will be considered that "all defendants have appeared or are required to appear" so that discovery procedures may be initiated pursuant to Supreme Court Rule 201(d). In a case wherein this court considered whether discovery depositions could be taken of the witnesses to a will prior to and in preparation for the hearing of the petition to admit the will, the court held they could not. (*In re Estate of Kvasauskas* (1972), 5 Ill. App. 3d 202, 282 N.E.2d 465.) It reasoned such procedures would unnecessarily delay prompt administration of the estate and that the rights of all interested parties were safeguarded by the provisions of the Probate Act to contest the validity of the will where "the full panoply of discovery tools is available and should be utilized by a litigant." (5 Ill. App. 3d 202, 204, 282 N.E.2d 465.) As relevant to the issue presented in the present case, the court, in considering application of Supreme Court Rule 201(d) to the issue before it, noted that while the Probate Act provided for notice of a petition to admit a will to be furnished to heirs, devisees and legatees of testator, those persons were not "defendants" or required to appear at the hearing. Similarly, in *Forys v. Bartnicki* (1982), 107 Ill. App. 3d 396, 437 N.E.2d 706, the court recognized that section 8—1(a) of the Probate Act (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(a)) requires joinder of all heirs of decedent as parties to a will contest proceeding, and they are thus necessary parties whose presence is required for the court to make a complete judgment binding on all who may be interested in the litigation. It characterized, however, the noncontesting heirs as neutrals, or nominal defendants, whose actual alignment of interest is with the plaintiff. *Forys v. Bartnicki* (1982), 107 Ill. App. 3d 396, 399-400, 437 N.E.2d 706.

In determining when, in a will contest proceeding, those "defendants" necessary to invoke a right to undertake discovery processes under Supreme Court Rule 201(d) have appeared, we do not consider that noncontesting heirs at law of decedent must have done so. Respondents here note, for example, that service was not obtained on all of the heirs listed in the affidavit of heirship, such as, unknown heirs of decedent; Frank Tagler, her brother, or if deceased, his descendants, if any; or descendants of her deceased mother and father. Rather, the real parties in interest who should be considered as defendants in this context appear to us to be the executor and beneficiaries under the will sought to be contested. The executor is required

by statute to defend the will (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(e)) and, together with those parties who may benefit if its validity is upheld, should be considered as the "defendants" whose appearance will meet the requirements of Supreme Court Rule 201(d).

In applying this conclusion to the present case, it may be seen that the executor and all of the legatees under the contested will were either required to appear or had appeared by March 7, 1983, when St. Ann's Home filed its motion to strike the petition. Petitioner's early requests to these parties to respond to interrogatories and for depositions brought no response, and on April 8 he requested an order of court to undertake discovery before hearing of the motions to dismiss. That request was denied, as was also petitioner's second motion to be permitted discovery before hearing of respondents' motions to dismiss the amended petition.

As we have noted, discovery procedures may be initiated before all defendants have appeared or are required to appear only with leave of court granted upon good cause shown (Supreme Court Rule 201(d)). Petitioner was premature when he noticed interrogatories and depositions on February 17, 1983; the executor and St. Ann's Home were not yet required to respond and did not do so. After March 7, however, petitioner was authorized, without leave of court, to commence discovery procedures, and we conclude the trial court abused its discretion when on April 8 and again on August 12, 1983, it denied him a right to do so.

■■ ■ Respondents have argued that no right to pretrial discovery arises until a pleading has been filed which states a valid cause of action. They offer no relevant authority in support of this proposition and such a requirement is not found in Supreme Court Rules 201 through 219 (87 Ill. 2d Rules 201 through 219). (See *Crinkley v. Dow Jones & Co.* (1978), 67 Ill. App. 3d 869, 880-81, 385 N.E.2d 714.) Supreme Court Rule 201(c) is designed to prevent an abuse of discovery and may be applied to that end, if necessary. We do not consider that petitioner's efforts to seek information relating to the physical and mental condition of decedent at the time she executed the disputed will or efforts to locate a prior will to be an abuse of discovery so as to require a protective order barring all discovery, as appears to have occurred in this case.

### Cause of Action

■ On the striking of the amended petition for failure to state a cause of action, petitioner advised the trial court he intended to stand on the petition as, in view of the lack of discovery, he was unable to

allege further facts relating to the mental and physical condition of the decedent.

We have determined that the court erred in this regard, and the cause must be remanded to give petitioner an opportunity through discovery procedures to find what were the facts relating to decedent's condition when she executed the second will. It would serve little purpose to analyze the pleading which petitioner acknowledges he wishes to amend after undertaking discovery, and we will not do so.

Accordingly, the judgment of the circuit court that petitioner lacked standing and barring him from use of discovery procedures is reversed and the cause remanded to permit discovery and the amendment of the petition.

Reversed and remanded.

SEIDENFELD, P.J., and HOPF, J., concur.