In re ESTATE OF IRVEN RICHARD LEWIS, Deceased (Vivian B. Spencer *et al.*, Petitioners-Appellants, v. Virginia Jurgensen *et al.*, Respondents-Appellees).

Third District   No. 3—90—0654

Opinion filed May 8, 1991.

George E. Faber, of Faber & Buehler, P.C., of West Dundee, for appellants.

Eugene J. Korst, of Lockport, for appellees.

JUSTICE McCUSKEY delivered the opinion of the court:

The trial court admitted the will of the late Irven R. Lewis to probate. The opponents to admission of the will, Vivian Spencer, decedent's niece, and Lydia L. Brenneman, decedent's sister (hereinafter referred to as opponents), appeal, seeking to have the trial court's order vacated.

The record shows on December 7, 1989, Lewis died leaving a will dated May 18, 1988. On December 15, 1989, Virginia Jurgensen and Jeffrey Laviolette, co-executors under the will, petitioned to have the will admitted to probate and themselves appointed co-executors. Following a hearing, the trial court granted their requests. Letters of office were issued to them on December 19, 1989.

On January 29, 1990, the opponents filed a petition to require the testimony of witnesses (Ill. Rev. Stat. 1989, ch. 110½, par. 6—21). They then filed a complaint to set aside the will on June 13, 1990. A hearing on proof of the will was held in the trial court on June 15, 1990. On July 6, 1990, the court reaffirmed its earlier order admitting the will to probate. On September 11, 1990, the opponents filed their notice of appeal. The June 13, 1990, will contest was still pending as of the filing of this appeal.

The petitioner contends the admission of the will to probate was against the manifest weight of the evidence. However, before we reach the petitioner's contention, we must address a jurisdictional issue raised by Jurgensen and Laviolette. They contend that an order admitting a will to probate is not a final and appealable order where the opponents have also filed a complaint to set aside the will. We agree based upon the facts of this case.

Illinois Supreme Court Rule 304(b)(1) indicates that an order admitting a will to probate is an appealable order:

"The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

(1) A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." 134 Ill. 2d R. 304(b)(1).

The committee comments support this interpretation:

"Subparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other matters. Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim." 134 Ill. 2d R. 304(b)(1), Committee Comments, at 245-46.

However, some doubt as to the meaning of Supreme Court Rule 304(b)(1) has occurred as a result of the decision in *In re Estate of Martino* (1979), 72 Ill. App. 3d 867, 391 N.E.2d 412. In *Martino*, the court held an order admitting a lost will to probate was not appealable under Supreme Court Rule 304(b)(1). The court noted in that case a will contest had been filed on the same day as the notice of appeal from the admission order. It therefore held the will contest rendered moot the questions raised under the appeal since the same issues were in dispute in the will contest and the appeal.

In *In re Estate of Lynch* (1982), 103 Ill. App. 3d 506, 431 N.E.2d 734, the court noted the statement in *Martino* indicating an admission to probate was not appealable was mere *dictum*. The *Lynch* court held an order admitting a will to probate was appealable. It further found, however, that *Martino* was correct that such an appeal could be rendered moot by a concurrent will contest which would necessarily raise the same issues. The court stated "[i]n this sense, the *Martino* court was entirely correct, and the proper procedure in the event of a contest filed subsequently to a notice of appeal from an admission order would be a motion to dismiss in the reviewing court." *Lynch*, 103 Ill. App. 3d at 509, 431 N.E.2d at 737.

■■ ■ The instant case is slightly different, since here the will contest was filed prior to the notice of appeal, whereas in *Martino* it was filed on the same day as the notice of appeal. However, we find no basis for distinguishing between the two situations. A pending will contest filed prior to the notice of appeal renders the appeal moot for precisely the same reason as one filed after the notice of appeal. The issues being raised on appeal are in essence still being considered by the trial court.

We are not persuaded by the appellants' arguments relying on *In re Estate of Chlebos* (1990), 194 Ill. App. 3d 46, 550 N.E.2d 1069. The record in *Chlebos* did not indicate whether a will contest had even been filed. The court therefore could not properly reach the issue involved in the instant case.

Accordingly, this appeal from the judgment of the circuit court of Will County is dismissed as moot.

Dismissed.

SLATER and BARRY, JJ., concur.